Joseph Rousseau and others, Heirs of Eulalie Rousseau, deceased, *v.* François Amedée Tête.

A vendee, in possession under a defective title, may suspend the payment of the price until secured against the danger of eviction; but he has no right to a rescission of the sale.   C. C. 2535.   But this article applies only to a vendee who has accepted the sale, and is in possession; not to one who discovers before accepting a deed or possession, that the vendor sold him what belonged to another.

The formalities prescribed for the sale of the property of minors, being exclusively for their benefit, the nullities resulting from their omission are purely relative, and the minors alone, after coming of age, can avail themselves of them.   Such a sale is, consequently, not absolutely null.

An adjudication of succession property made and recorded by a Clerk of a Court of Probates legally appointed, is, of itself, a complete title.   C. C. 2601.

Where it is expressly denied that one, who styles himself the Clerk of a Court of Probates, by whom an adjudication of succession property was made, is, or was such, the certificate of the Judge of the court, at the foot of the *procès-verbal* of the sale drawn up by such Clerk, in which he styles himself the duly commissioned Clerk of the court, that the copy is a true one from the original on file in his office, is insufficient to establish his appointment, there being no general law authorizing Probate Judges to appoint Clerks to their courts.

Appeal from the District Court of Assumption, *Deblieux,* J.

Morphy, J.   The heirs of age, and the tutor of the minor heirs of the late Eulalie Rousseau, sue for the price of certain moveable effects, and for two instalments of the price of a tract of land, adjudicated to the defendant at a probate sale of the succession of their mother, made in the Parish of Assumption, on or about the 31st of October, 1840.   The defence set up is, that the probate sale, and all the proceedings which led to it, are absolutely null and void, none of the formalities required by law for the alienation of property belonging to minors having been complied with. After stating a number of informalities, and, among others, that the tutors representing the minors had been appointed by the Judge without the advice and consent of a family meeting, and had given no security, and that the sale of the property was made by an unauthorized person, to wit, one Desiré Le Blanc, styling himself the Clerk of the Court of Probates, &c., the answer concludes by stating, that previous to the inception of this suit, the

defendant had tendered back the property to the plaintiffs, who . refused to receive it, and by praying that the adjudication may be declared null and void, and the defendant released therefrom. There was a judgment below in favor of the plaintiffs, with stay of execution until good and sufficient security shall have been given by them, by public act, against the danger of eviction in consequence of any informalities in the probate sale of the property. The defendant has appealed.

The record shows, that in the proceedings which preceded the sale, and in the sale itself there were nullities, any one of which would be sufficient to avoid the sale in an action of revendication brought by the minors themselves ; but the question here is, whether a vendee in possession under a defective title, can pray for a rescission of the sale ; and whether, under the provisions of our Code, he can ask for anything more than the defendant obtained below, to wit, security against the danger of eviction.

The Civil Code nowhere recognizes in the buyer, the right of having the sale avoided on account of defects in his title ; but provides, (art. 2535,) that if the buyer be disquieted in his possession, or has just reason to fear that he will be disquieted, he may suspend the payment of the price, until the seller has restored him to quiet possession, unless the seller prefer to give security. A defective title which does not vest in the buyer a legal right to the property, may well create in his mind a just reason to fear being disquieted, and authorize him to suspend the payment of the price until the seller gives him proper security ; but it is no good ground on which to rest a claim for rescission. 11 Mart. 433. 1 Mart. N. S. 605. 3 Ib. N. S. 111. 7 Ib. N. S. 95.

It is true that in the case of *Pontchartrain Rail Road Company* v. *Durell*, 6 La. 484, this court held, that when the vendor sells property at public auction without title to a portion of it, the vendee to whom the adjudication is made, cannot be required to complete the sale and accept security, as the buyer is entitled to have all and every part of what he bought ; but this decision was based on the ground that art. 2535 of the Civil Code, which only authorizes the vendee, fearful of eviction, to withhold the price until he receives security, applies to a buyer in possession, who has accepted the sale, and not to one who discovers before he ac-

cepts a deed or possession, that the vendor sold him what belonged to another. But where, as in this case, the purchaser has been in possession for more than two years, under a title which, however defective, he thought proper to accept, and under which he may never be disturbed, he has, in our opinion, no claim to rescission, and can only ask to be protected or secured against a possible eviction at a future time. But, moreover, the formalities which the law has established for the sale of property belonging to minors, being exclusively ordained for their benefit, the nullities resulting from the omission of some, or of all of such formalities, are purely relative, and the minors alone, when they become of age, can avail themselves of such nullities. They might find it their interest not to disturb the purchaser, but to receive from their tutor their proportion of the price, and thus ratify the sale originally void for the want of legal formalities. Pothier, Vente, No. 14. 7 Toullier, No. 564. 10 Mart. 281. 6 Mart. N. S. 355. A serious difficulty has, however, occurred to us in the examination of this case. The answer denies that Desiré Le Blanc, who made the adjudication, was the Clerk of the Court of Probates, or had any authority to make it. If he had been legally appointed Clerk of the court, he was fully authorized to make sales of succession property, under art. 2600 of the Civil Code ; and the adjudication made and recorded by him, was a complete title. Art. 2601. But the only evidence of his appointment, which we can find in the record, results from the certificate of the Judge at the foot of the *procès-verbal* of the sale drawn up by Le Blanc, (in which he styles himself the duly commissioned Clerk of the court,) that such copy is a true one from the original on file in his office. The inference from such a certificate that this individual was really the Clerk of the court, is altogether insufficient, when the fact is expressly put at issue, and when there is no general law, that we know of, authorizing Probate Judges to appoint Clerks to their courts. If then, Desiré Le Blanc had no authority to make the sale, it would follow that there was no adjudication, and, therefore, no transfer of the property ; and we should have been constrained to come to this conclusion, had the *procès-verbal* been signed by Desiré Le Blanc alone; but in this case, according to a usage which appears to prevail in the country, the *procès-verbal* of the

sale has been signed by the heirs of age, and by the tutors of the minors, and also by the defendant, and one Isoard, as his surety. This document may well be considered as a sale of the property on the part of the heirs of age, and it binds them in the same manner as if the adjudication had been legally made.    As to the minors, they are in the same situation as if the heirs of age, and their tutors, had sold the property without complying with any of the formalities required by law ; but, as we have already remarked, the omission of such formalities is only a relative nullity, of which they alone can take advantage.   If, on attaining the age of majority, they find it to their advantage to abide by the sale, they may ratify it by receiving their proportion of the price.   The sale, susceptible of being thus ratified, cannot be considered as absolutely void.   The purchaser who, under the title, has now been in possession for more than three years, cannot obtain the rescission of the sale, but must be satisfied with being properly secured against the danger of eviction, according to art. 2535 of the Civil Code.

There is, however, in the decree of the court below, an error which must be corrected.   The admissions in the record show, that the price of the moveables adjudicated to the defendant, and claimed in the petition, has been paid.    This amount being deducted from the plaintiff's claim, leaves them entitled only to $1088 46.

It is, therefore, ordered, that the judgment of the District Court be so amended as to entitle the plaintiffs only to one thousand and eighty-eight dollars and forty-six cents, with legal interest from the 1st of April, 1842, until paid, and that it be affirmed in all other respects ; the costs of this appeal to be borne by the plaintiffs and appellees.

*M. Taylor*, for the plaintiffs.

*Thibodeaux* and *Cole*, for the appellant.