ROBERT McCULLOCH, Administrator, *v.* J. D. WEAVER.

Where the purchaser of property at a succession sale had gone into possession of the property and complied with the terms of the sale, by making a cash payment and furnishing his notes for the balance of the price—*Held:* That the administrator could not sue to rescind the sale, on the ground of defects in the title of the purchaser.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
*Benjamin, Bradford & Finney,* for plaintiff.   *T. A. Bartlett,* for defendant and appellant.

MERRICK, C. J.   We take this case as stated by the counsel for the appellee, merely premising that the decision of this court referred to, was one against *José Martinez,* and not against the defendant, *Weaver.*   It is stated as follows :

" In pursuance of an order of the Second District Court of New Orleans, the property belonging to the successions of *Newland* and *Eliza Holmes,* of which the plaintiff is the curator, was sold.   At this sale, the defendant, *Weaver,* purchased a house and lot at the price of $2075, payable as follows :

" 1. Cash, $518.

" 2. Three promissory notes for $51 87½ each, payable at one, two and three years after date, $155 62.

" 3. Eight promissory notes, each for $116 71, payable at one and two years after date, $933 68.

" 4. Four promissory notes, for $116 73½ each, payable at three years after date, $466 94."

" The sale was executed, and the defendant took possession of the property, which he has ever since enjoyed.

" It was afterwards decided by this court, that the sale thus made, was invalid.

" Your Honors say : " This is a suit for partition, instituted by one representing himself to be the attorney in fact of an absentee, who is of age, against the co-heirs of said absentee, two of whom are of full age, and two minors.   The two minors are cited through their tutor, *Thomas Mushaway.   Mushaway* appeared, and denied the power of attorney of the petitioner, and pleaded several other exceptions.   The two defendants who are of age filed their consent to the partition ; and the court, on the *ex-parte* motion of the counsel of the plaintiff, ordered a sale of the property, without a formal judgment of partition, and without the dilatory and declinatory exceptions of the tutor of the minors having been disposed of.

" Your Honors have thus decided, as we understand, that the sale thus made was in pursuance of a judgment rendered *ex-parte,* under circumstances which did not warrant the exercise of any such authority by the Judge of the Second District Court of New Orleans.   The order was certainly of no legal effect.   The sale had been executed, as we have said, and the defendant was in possession of the property, enjoying its fruits and revenues ; but the sale was unquestionably null, being a sale of the property of a succession belonging in part to minors, in the absence of any legal showing, of all circumstances and of all formalities, which the law requires to support such an alienation.   Both parties, then, the curator as well as the defendant, were in a false position."

" The defendant had the property, but no title ; and the curator had the defen-

dant's notes for the purchase money, which were without consideration, and could not be collected. Justice required that the sale should be rescinded, and both parties placed where they were before the sale. Acting upon this view, the curator tendered the defendant all the money which he had paid, with eight per cent. per annum interest from the date of payment, and all the notes which he had given for the credit part of the price, and demanded a reconveyance of the property and an account of the rents. The defendant offered to reconvey, upon receiving the cash paid with interest, and his notes, and upon the further condition, that he should be allowed to retain the rents and revenues."

The distinction between the present case and that of *Martinez* exists in the fact, that *Weaver* complied with the terms of sale, and went into the possession of the property, whilst *Martinez* refused to accept the sale and comply with its terms, because there was a cloud upon the title offered him. The cases are, therefore, different, and are governed by different provisions of law, as is explained in the case of *Gassen* v. *Palfrey*, 9 An., 560, referred to by the court, as decisive of the case of *Martinez*. But in this case, *Weaver* has gone into possession, and complied with the terms of sale, without discovering or caring to urge the defects which are said to exist in the title. He says now, that he is content with the title which he has acquired, and that he will risk any disturbance, relying solely upon his right to demand security for the restoration of so much of the price as remains unpaid, whenever he shall be called upon to pay the same.

As *Weaver* has no action against the administrator to rescind the sale until evicted, so also he cannot be compelled to rescind against his will, and he may well impose any conditions he pleases upon all parties bound by the sale who demand a rescission. C. C. 2476, 2535, 2538 ; 7 N. S. 272 ; 2 L. R. 242 ; *Bessy* v. *Pintado*, 3 L. R. 490 ; 16 L. R. 505 ; 10 L. R. 120 ; and *Succession of Devereux*, 13 An. 33.

It may be that the cloud which rested upon the title of the purchasers will be removed by a final decree of partition, and that the minor heirs, when they shall arrive at the age of majority, will neither find it their interest nor inclination to disturb the defendant.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the said rule taken against the said *Joseph D. Weaver* be discharged, and that the appellee pay the costs of both courts.