## ANDREW MATTA v. HENRY HENDERSON.

To maintain an action for the rescission of a sale of property of which the vendee is in possession, it is necessary there should have been an offer to return the property, made previous to the institution of the suit.

There must be an express allegation that the vendor has been disquieted in his possession, or has just reason to fear that he will be disquieted, to entitle the vendee to demand that security be given by the vendor against eviction.

APPEAL from the District Court of the Parish of West Feliciana, *Haralson*, J. *A. M. Dunn*, for plaintiff and appellant. *S. J. Powell*, and *Collins & Leake*, for defendant.

MERRICK, C. J. The plaintiff alleges that the defendant has obtained an order of seizure and sale against him, to sell the one undivided third of the Elm Park plantation, in the parish of West Feliciana, and a number, say ninety-four negroes, described in the act annexed to the petition ; that the proceedings in the order of seizure and sale are illegal ; that the said *Henderson* sold to petitioner, in consideration of $26,769 50, the one undivided third of the property described in the act of sale, on the 20th day of October, 1854, with full warranty of title against all persons whomsoever, and all incumbrances of every kind ; that petitioner paid on the price of said sale, (at the times set out in his petition,) $13,169 50 ; that petitioner is not bound to pay the residue of said price, but is entitled to recover principal, interest and damages, on what has been paid ; that on the 2d day of June, 1856, the Supreme Court decided, in the case of the *Heirs of Stephen Henderson* v. *Rost & Montgomery* (the decree in which case is an-

nexed to the petition) ; that petitioner has no valid title to said slaves, and derived none from his vendor, *Henry Henderson* ; that petitioner is advised, and believes that the failure of said *Henderson* to make good his said title to petitioner, entitles him to the annulling of the contract or a reduction of the price. He prays for an injunction, and upon the trial, that he have judgment cancelling the notes upon which the order of seizure and sale issued, and judgment for the amount of the payments and interest, inasmuch as the land is without value unaccompanied with the slaves, and for ten thousand dollars damages, and for general relief.

The order of seizure and sale issued upon three promissory notes, dated 20th of October, 1854, for $2,333 33⅓ each, with eight per cent. interest from date, and payable the 1st days of April 1856, 1857 and 1858.

A motion having been made to dissolve the injunction on the face of the papers and for the insufficiency of the bond, was sustained, and defendant decreed to pay five per cent. damages on the amount enjoined, and five hundred dollars special damages for attorney's fees.

The case of the *Heirs of Stephen Henderson v. Rost & Montgomery, Executors*, is reported in 11 An. 541.

The appellant contends, that it is disclosed by his petition, that *Henderson* sold to the plaintiff negroes which belonged to others ; negroes who were not slaves, and in whom there was not a saleable interest, and the sale of which was *contra bonos mores*.

Defendant replies, the suit of *Henderson's* heirs is *res inter alios acta*, and the plaintiff seeks to cancel the notes and recover back the money he has paid as the price of the property, and also keep the possession and ownership of the property.

It does not appear from the record in this case, that the decree rendered in the suit of *Henderson's Heirs* against *Rost & Montgomery*, can have any influence on the rights of the plaintiff in this case. For it does not appear that either the plaintiff or *Henry Henderson* was a party to that suit, nor that the suit was instituted to procure the emancipation of the negroes previous to the sale ; nor that the negroes sold were entitled to emancipation under *Henderson's* will and the decree of the Supreme Court. But if it be conceded that the negroes are the same, and that the decree does not place certain or all of them in the condition of *statu liberi*, still the plaintiff is in the undisturbed possession and enjoyment of the property sold, and not entitled to an action of warranty until he has been evicted.

But if plaintiff's demand be considered as an action of rescission, it is defective, because he has been several years in possession, and moreover there has been no tender of the property or offer to return the same to the defendant previous to the institution of the suit, and plaintiff subjects himself to the objection raised by defendant's counsel, of keeping the property and demanding the return of the price. 6 Rob. 472 ; 7 N. S. 95.

The only serious question raised by appellant, is whether, under the allegations of the petition and the prayer for general relief, he may not be entitled to compel the defendant to give security against eviction.

But, on examining the petition, we do not find any allegation that the plaintiff has been disquieted in his possession, or that he has any just reason to fear that he should be disquieted by any one, on account of the decree in the case of *Henderson's Heirs* against *Rost & Montgomery*.

In the absence of such allegation, we do not think an injunction, which, to some extent, is governed by strict law, ought to be maintained.

The motion to dissolve, rests upon the insufficiency of the allegations of plaintiff's petition, and the decree sustaining the motion may, perhaps, be a bar to any future action of the plaintiff for causes of action now existing, if such he have. We think the judgment ought to have been one of nonsuit upon the petition.

It is, therefore, ordered, adjudged and decreed by the court, that the decree of the lower court be so amended, as to dismiss the petition of the said *Andrew Matta*, as in case of a nonsuit; and that said judgment so amended, be affirmed ; the defendant, *Henry Henderson*, paying the costs of the appeal.