Robbins vs. Martin, Jr., et als

## No. 10,795.

### S. D. ROBBINS VS. THOMAS J. MARTIN, JR., ET ALS.

1. What is termed a plea of no cause of action, ceases to be such, and degenerates into an answer, if it presents an essential averment of *fact* not stated, or admitted in the petition.

2. Dilatory pleas must be tendered and disposed of *in limine*, and can not be legally embodied in an answer.

3. The prescription of one year, which is provided by R. C. C. 2498, is not applicable to a suit instituted under R. C. C 2511 and 2514.

4. The articles of Code of Practice 410 *et seq.*, relative to "real tender" do not relate to a suit brought under the last mentioned articles of the Revised Civil Code; but the putting of defendants *in mora*, in conformity to Articles 1911 and 1933, is required in suits for the rescission or cancellation of sales.

5. In case a party to a contract of conventional sale of real property, seeks its cancellation on the ground that he has been evicted from a portion thereof which is of such consequence relatively to the whole that he would not have purchased it without the portion from which he has been evicted, the question is, whether in point of fact, the plaintiff has been evicted from a part of the property possessing such consequence, when the contract was entered into, that its acquisition operated as an essential inducement to the trade.

6. An absentee may be brought into the courts of this State by means of substituted service in all cases partaking of the nature of an action *in rem;* but he can not be thus reached and subjected to judgment in our courts in a purely personal action.

APPEAL from the Eighth District Court for the Parish of Madison. *Montgomery, J.*

S. D. *Robbins* and *Wade R. Young* for Plaintiff and Appellant.

A. L. *Slack*, Curator *ad hoc*, for the Absent Defendants, Appellees.

The opinion of the court was delivered by

WATKINS, J.    The plaintiff seeks the cancellation of a conventional

sale of a tract of land made to him by the defendants, on the ground that he has been evicted from a portion thereof which is of such consequence relatively to the whole that he would not have purchased it without the part from which he has been evicted.

Defendants being absentees were cited through a curator *ad hoc*, who first tendered several peremptory exceptions, viz: (1) No cause of action; (2) Prescription of one year; (3) Want of previous legal tender, or putting *in mora*; (4) Want of jurisdiction *ratione personæ*.

Over the objection and exception of defendant's counsel the third exception was by the court referred to the merits, the others were overruled, and the court rendered judgment rejecting plaintiff's demand for cancellation of the sale, but reduced the price of sale by $1400, as the estimative value of the portion of the land from which he had been evicted, proportionately to the total price of sale.

From this judgment plaintiff has appealed, but the defendants have not answered, nor requested any amendment thereof. Hence our inquiry must be whether it should be affirmed or additional relief granted the plaintiff and appellant.

I.

While it might have been preferable to the defendants, that their plea of want of tender should have been disposed of *in limine*, we can not discover in what way they were injured by its reference to the merits, as the judge *a quo* evidently regarded it as not well taken, and proceeded to pass upon the merits. Indeed, had he entertained a different view, a double appeal might have resulted with additional delays and expenses. As it was a question which involved the administration of proof we think it was clearly the province of the judge below to determine the propriety of its reference.

II.

With regard to the plea of no cause of action, however, we have frequently had occasion to say that it ought to be *separately* presented and disposed of *in limine*, as it raises the single issue of the sufficiency of the *stated* cause of action to justify a judgment in the premises; and that it should not be incorporated in an answer or relegated to the merits.

But in this case we think the plea has been misnamed " no cause of action," as it most distinctly presents an element of defense which

is incorporated in defendant's answer and founded on an alleged *fact* which is not averred in plaintiff's petition.

Possessing this feature, necessitates its being classed and treated as a part of the answer.

The answer also includes other matters of exception, dilatory and declinatory in character, which need no further mention than to say they should have been *separately* urged and disposed of before issue was joined on the merits, and this course not having been pursued they were waived. Chaffe vs. Ludeling, 34 An. 962; Boone vs. Carroll, 35 An. 281.

### III.

Defendants urge the plea of one year's prescription that is provided in R. C. C. 2498, and plaintiff's counsel insists that same is not applicable in this case. In this opinion we concur. That article declares that the action for "the supplement of the price on the part of the seller, and that for dimunition of the price, or for the cancelling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred."

It occurs in the sixth chapter of the title of sale, which treats "*of the tradition or delivery of the thing sold*." The seven articles which immediately precede it deal with the question of the *measure* or *extent* of the delivery of the thing sold and of the result of there having been, *more* or *less*, delivered than the calls of the contract required. Therein it is declared that if the sale is one *per aversionem* "the *seller* is obliged to *deliver* to the buyer  * * * the quantity mentioned in the contract or  * * * suffer a diminution proportionate to the price." R. C. C. 2492.

"If, on the other hand, there exists an extent of more than what is specified in the contract, the buyer has a right either to give the supplement of the price or to recede from the contract," etc. R. C. C. 2493.

"In case there is room for an augmentation of the price for the surplus of the measure, the *buyer* has the option to give the supplement or to recede from the contract." R. C. C. 2496.

These articles relate solely and exclusively to the relative and reciprocal rights and obligations of *seller* and *buyer*, respectively, with respect to the *measure of the thing delivered under the contract*. The prescription referred to in R. C. C. 2498, applies to the rights of action of both seller and buyer alike.

Plaintiff's action is founded on R. C. C. 2511 and 2514, the *gravamen* of which is that the *buyer*, who has, subsequent to the sale and delivery of the property, been *evicted* from a part thereof, is entitled to a cancellation of the sale, or to a diminution of the price. These articles occur in the same title and chapter as the articles last mentioned, but in a different section which treats "*of warranty in case of eviction from the thing sold.*" They do not purport to treat of the rights of the *seller* at all. They proceed upon a wholly different theory from that on which the former articles proceed. They assume that the whole of the property sold, or purported to have been sold, has been *delivered*, but that the vendee has been subsequently evicted from the whole or a portion thereof. The prescription urged is not applicable, and defendant's plea of prescription was therefore properly overruled.

## IV.

Of necessity, the plea to the jurisdiction of the court *ratione personæ*, must be postponed until after our consideration of the merits, as plaintiff's appeal brings up for review the cancellation *vel non* of the sale, and the question whether or not the judge was competent to render the alternative decree he did, will depend upon the result of our opinion and decision of that question.

Recurring to the question raised on the defendant's exception of want of previous legal tender, or putting them *in mora*, as a condition precedent to the institution of suit for the cancellation of the sale, we have no hesitancy in reaching the same conclusion the judge *a quo* evidently did, that plaintiff had substantially complied with the law.

In our opinion, Articles of the Code of Practice 410 *et seq.*, with regard to "real tender," have no application to this case.

Article 410 declares that "if the object of the obligation on the part of the *debtor* be real property, a debt, or some other personal right which the *debtor* has *promised* to sell, transfer or convey to the creditor, such *debtor* must previously give written notice to the *creditor* to be and appear on a certain day and at a fixed hour, at the office of some public notary  *   *   *  in order there to *receive the sale, cession, transfer, or conveyance which he is ready to make to him*, either of the real estate, debt or personal right *which he had contracted to transfer to such creditor.*"

Article 411 declares that "after due notice having been given the debtor must appear," etc.

Article 412 declares that "if the creditor refuse to accept," etc.

These provisions relate exclusively to the "real tender" which a party must first make of the conveyance he has contracted to execute to another as a condition precedent to the institution of suit for compliance on the part of the contractee.

The decisions of this court, ancient and modern, are to the effect "that in all action of recission, the party seeking relief must first *offer to restore his adversary to the situation he was in before the contract.*" McDonough & Coon vs. Vaughan, 14 An. 716.

That and like decisions are predicated upon the provisions of R. C. C. 1911 *et seq.* (1904 *et seq.*, old numbers) which indicate the manner in which a "debtor may be put in default." Article 1911 R. C. C. provides that the debtor may be put in default in three different ways, one of which is "by the act of the creditor," which is defined as an "act of the party when * * * he demands that (the contract) shall be carried into effect; which demand may be made either by the commencement of a suit, by a demand in writing," etc.

The provisions of those articles have been frequently applied to actions for the recission, and those for the cancellation of sales; and the Code further declares that "when the breach (of the contract) has been passive only, the damages are due from the time the debtor has been put in default," etc. R. C. C. 1933; Livingston vs. Scully, 38 An. 781.

It was, in our opinion, perfectly proper and competent for the plaintiff to put the defendants in default by means of a letter sent them by mail offering to restore them to the situation they were in before the sale was made; and we think the evidence sufficiently discloses a full compliance with the law in this respect.

## V.

On the merits the facts are substantially as follows:

In January, 1889, Annie E. Martin and Thomas J. Martin, Jr., the defendants, executed, respectively, in the cities of Louisville, Ky., and Chicago, Ill., two separate acts of sale transferring and conveying, or purporting to transfer and convey to the plaintiff a certain

tract of land, which is situated in the parish of Madison, in this State; the vendors being joint half-owners thereof at the time.

The price or consideration of the sale was $10,000, of which one-third was paid in cash, and for the remainder the plaintiff as purchaser executed and delivered his two certain promissory notes due at one and two years. One of these credit instalments was paid at maturity, January 2, 1890, only a few days before this suit was filed.

The entire tract was stated to contain 1098 acres, of which 391 were cleared, and susceptible of cultivation, and which had been, at one time, cultivated; and the residue of 617 acres was wood land.

It appears from the evidence that there is now, and was at the date of the sale, an outstanding title in other persons to 280 acres the mere existence of which, it is claimed, operates an eviction of plaintiff therefrom, entitling him to his action for the cancellation of the sale or a proportionate diminution of the purchase price.

It is satisfactorily shown that this defect in his title, and this deficit in the quantity of land conveyed, was only brought to the plaintiff's knowledge about the 20th of January, 1890, and subsequently to his making payment of the second instalment of the purchase price. Immediately afterwards he gave the defendant notice thereof as stated.

The proof shows that the particular 280 acres to which plaintiff obtained a defective and inadequate title, are wood lands of a superior quality. The other wood land is low and marshy, and of comparatively little value. The open lands are not in a high state of cultivation, and the buildings and improvements thereon are inferior in quality and limited in quantity.

On this state of facts, is plaintiff entitled to the cancellation of the sale?

Defendant's make the point in their answer that an outstanding title does not constitute such an eviction as to authorize an action of warranty. But it has been otherwise decided.

In Landry vs. Garnet, 1 R. 362, the court observed:

"It is true that, by the authorities to which we have been referred, the doctrine is well established that in order to constitute an eviction it is not absolutely necessary that the purchaser should be actually dispossessed.

"That eviction takes place, although the purchaser continues to hold the property, if it be under a title which is not that transferred .

to him by his vendor; as if he should inherit the property, or acquire it by purchase from the true owner."

In McDonald vs. Vaughan, 14 An. 716, that doctrine was recognized and applied, and to those enumerated the court added another case in which an *actual* eviction was unnecessary, viz: "Or if a perfect title exists in some third person whereby it is rendered legally certain that his vendor had no title." In that view we concur, and it applies to this case.

The District Judge of the locality, who is familiar with the *locus in quo*, and upon whose judgment on a question of fact we feel disposed to rely, was of opinion, and decided that such a title did exist in other persons, to the 280 acres mentioned. The curator *ad hoc*, in brief and argument, concedes the correctness of his decision as to a part of this land, but he questions its correctness as to the remainder of 160 acres. On this theory, we feel bound to maintain the opinion of the District Judge. No palpable, or manifest error has been pointed out in his ruling.

On the main question, we can not perceive how it can be justly said that this 280 acres of wood land, valuable though it be, was " of such consequence relatively to the whole" that the plainttiff would not have bought the land at all without it.

The question is whether the portion from which the plaintiff has been evicted was *in point of fact* " of such consequence relatively to the whole," that he would have been unwilling to have made the trade at all had he known of the outstanding title? Was that particular tract an inducement to the trade, and without which it would not have been made? The District Judge declined to accept this theory of plaintiff's contract, and we coincide with him.

Had this diminution existed in the quantity of *cleared* land, or any moderate proportion of same, we might have been more impressed with plaintiff's claim. We are unwilling to increase the allowance made by the judgment appealed from, and in the absence of an answer to the appeal it can not be reduced *ex propria motu*.

Having thus concluded, the question of jurisdiction *ratione personæ* arises; but we are satisfied that this exception is not well taken.

In Penoyer vs. Neff, 95 U. S. 730, in was said that " substituted service may answer in all actions which are substantially proceedings *in rem*. But when the entire object of the suit is to determine the personal rights and obligations of the defendants, that is, when

the suit is merely *in personam*, constructive service is insufficient for any purpose."

After quoting this paragraph in quite a recent case, we said:

" It is obvious in this case that the sole object of the proceedings, as against Hernandez "—who was an absentee—" is to define the *status* of this property, to determine the validity of his apparent lien upon it in order to enfore a contract respecting same. He can not be reached for personal service, and unless he could be brought in by such substituted service, his mere absence would have the effect to place and keep this property out of commerce.

" We therefore hold that he was validly brought into court through service on the curator, and will be concluded by the judgment." Duruty vs. Musachia, 42 An. 357. In that case the validity of a title to real estate was the question involved, and there was drawn into the controversy the validity and binding force of a judicial mortgage in favor of an absentee; and it became important to determine whether a judgment predicated upon substituted service would be binding and efficacious as to him. We held that it would.

In the more recent case of Young vs. Upshur, 42 An. 367, we had under consideration and decided a controversy between citizens of the State of Mississippi and those of the District of Columbia, respecting an unliquidated interest in a judgment for money, at the time pending on a writ of error from the Supreme Court, and we entertained jurisdiction and rendered judgment against the absentee defendants, upon substituted service of citation, on the ground that the *situs* of the judgment was in this State, and, hence, the action being to reach and ascertain an interest therein, it was in the nature of an action *in rem*, and not one *in personam*.

In McKenzie vs. Bacon, 38 An. 765, we examined this question of jurisdiction as applicable to a suit for dissolution of a sale of real estate, on account of the nonpayment of the price, some of the intervening owners of which residing out of the State being made parties defendant by appointment of a curator *ad hoc*, and notwithstanding there was a large amount of money claimed on the score of rents and revenues, for an accounting whereof the nonresidents might be ultimately held responsible, we maintained it on the ground that it was "not a purely personal action, as is contemplated in our Code of Practice, and as understood in jurisprudence, but it partakes of the nature of a proceeding *in rem*."

In our opinion the instant case is an exact parallel to the cases cited. If indeed a nonresident can not be brought into a court of this State in such a case, such a cause of complaint as that propounded by the plaintiff, though well grounded in our law, would be practically remediless.

The plea as to jurisdiction is therefore overruled.

Judgment affirmed.