THOMPSON, J.
On April 2, 1904, D. A. Breard, Sr., executed in due form in favor of his wife, Mrs. Mary A. Breard, a donation inter vivos of certain real estate with all improvements thereon, situated partly within and partly without the city limits of the city of Monroe. On May 22, 1920, the said Mrs. Breard, with her husband, D. A. Breard, Sr., the latter acting individually and to authorize his wife, sold a portion of said property (not necessary here to describe) to A. S. Kuhn and E. W. Florsheim. The recited consideration of this sale was the sum of $15,500, of which amount $2,000 was paid in cash and for. the balance the vendees executed their several promissory notes, payable to their own order and by them indorsed in blank, as follows: One note for $2,000 due 60 days after date; three notes for $2,500 each, due in 4, 6 and 8 months after date, respectively, and two notes for $2,000 each, due in 12 and 18 months after date, respectively, all of said notes, bearing 8 per cent, annum interest from date and stipulating 10 per cent, for attorneys’ fees in the event said notes were placed in the hands of an attorney for collection after maturity. The act of sale contained the usual stipulation of vendor’s privilege and special mortgage on the property sold and the further stipulation or agreement that the vendors and the vendees should each pay one-half of the taxes on the property for the year 1920.
After the maturity of the first four notes, aggregating $9,500, and before the maturity of the last two notes, amounting to $4,000, the plaintiffs, Kuhn and Florsheim, instituted this suit against D. A. Breard, Sr., and Mrs Mary A. Breard to cancel and annul the sale made to them. The alleged grounds of nullity are that Mrs. Breard was not the owner of the property at the date of the sale under a legal and indefeasible title; that she acquired the said property by act of donation from her husband, who had, at the time of said donation and at the time of filing the suit, six children; that said donation included practically all of the property, fortune, and estate owned and possessed by said Breard; that said donation was and is subject to attack and revocation or reduction, and hence the title of said Mrs. Breard was defective and invalid; and, further, that the nonpayment by the said Mrs. Breard of her one-half of the taxes for the year 1920 was a breach of the contract of sale, and rendered the said contract null and void and without legal effect. It was further alleged that 'the said Mrs. Breard has placed the past-due notes in the hands of attorneys for collection, and is demanding payment thereof from petitioners and threatening, in the event of nonpayment, to institute suit on the said notes and the mortgage securing the same; that if said suit is filed petitioners will be irreparably injured thereby. An injunction was prayed for and was issued, restraining and prohibiting D. A. Bresrd and Mrs. Mary A. Breard, “from instituting any *549 suit or bringing any action of foreclosure upon said notes * * * until a full and final determination of this suit.”
The defendants appeared through counsel, and moved to dissolve the injunction for the reason, among others, that the petition disclosed no cause or right for a writ of injunction to issue. This motion was tried and overruled March 16, 1921, and on the same day defendants filed an exception that the plaintiff’s petition disclosed no cause and no right of action. On June 29, 1921, the defendants filed a motion to vacate the order of court overruling the motion to dissolve the injunction for the reason that the ruling of the court was contrary to law, no one having the right to enjoin another from instituting a suit. The exception of no cause of action was tried and sustained to the extent of dissolving the injunction, but otherwise was overruled. From the judgment dissolving the injunction, the plaintiffs prosecute this appeal. The defendants have answered the appeal, asking that the exception of no cause of action be sustained in its entirety, and that plaintiffs’ suit be dismissed. After the appeal was filed in this court, one of the defendants, Mrs. Breard, died and her heirs, all majors, have voluntarily appeared and asked to be admitted as parties to the suit and to defend the same in the same manner as their deceased mother, Mrs. Mary A. Breard, could have done.
Opinion.
■[1] 1. The only purpose for which the injunction waá asked by the plaintiffs was to restrain and to prevent the defendants from instituting a suit in the courts in foreclosure of the notes and mortgage which plaintiffs had executed and of which defendants were owners and holders, and the only apprehended or threatened injury made the basis for the injunction was the contemplated suit on the notes and mortgage. It is perfectly obvious that the injunction was properly dissolved. It ought to have been set aside promptly. Indeed the injunction ought never to have been issued. Under the allegations of the petition and the accompanying deed, the resort to the injunction was a grievous abuse of that equitable remedy and an arbitrary exercise of judicial authority. The proceedings, as relates ' to the injunction, ought to have stopped when the injunction was dissolved, but instead a suspensive appeal was granted, which had the effect of setting aside the order of the judge dissolving the writ and of maintaining the injunction in force. It is due the district judge to say that the order was issued by the clerk of court and likewise the order for the suspensive appeal. No principle of law is more, firmly established in our jurisprudence than the rule that an injunction will not lie to prevent the bringing of a' suit. The latest expression on the subject is the case of Schumert-Warfield-Buja, Inc., v. Buie et al., 148 La. 726, 87 South. 726. In that case, a lessee having received proper notice to ■ vacate the leased premises obtained an injunction against his lessor, restraining him from instituting eviction proceedings. The present Chief Justice, as the organ of the court, said:
“It [the injunction] was granted inadvertently, for nothing is better settled than that injunction will not lie to prevent the bringing of a suit” — citing Le Blanc v. New Orleans, 138 La. 243, 70 South. 212 ; Reynaud v. Uncle Sam Co., 146 La. 400, 83 South. 688.
[2] 2. It will be noted from the statement of the case in the beginning of this opinion that the purpose of the suit is to annul the sale made to the plaintiffs, and for restitution of the cash portion of the price paid, on the sole ground that Mrs. Breard was not the owner when she sold the property; her title being founded on an act of donation from her husband, and which donation was subject to be revoked by the donor or to be attacked or reduced by the heirs of the donor, after his death. There is no allegation that the plaintiffs have been disturbed in either *551 the title or the possession of the property. It is not alleged that there is an outstanding title in any one else superior to the title under which plaintiffs acquired, nor .that any other person is presently claiming title to the property or threatening the plaintiffs with eviction. The one single attribute of the action for the nullity of the sale and restitution of the paid portion of the price is the remote and uncertain contingency that the donation to Mrs. Breard may be revoked by her, husband or attacked and reduced by his eventual heirs.
Article 2557 of the Civil Code declares that if the buyer is disturbed in his possession, or has just reason to fear that he shall be disquieted by , an action of mortgage or by another claim he may suspend the payment of the price until the seller has restored him to quiet possession, or caused the disturbance to cease, unless the seller prefers to give security. And even when the purchaser has paid before the disturbance of his possession, he can neither demand a restitution of the price nor security during the suit.' C. C. art. 2560.
As far back as Wrinkle v. Tyler, 3 Mart. (N. S.) 112, the defendant, being sued for the price, set up the failure of consideration by reason of adverse titles, and the court said:
“No suit has been commenced against him. We do not know that the person in whom these adverse titles are vested, will ever disturb him.”
And in Rousseau v. Tête, 6 Rob. 471, the defendant, being sued for the price of property adjudicated to him at a succession sale, set up the nullity of his title as resulting from the fact that the interest of certain minors had not been legally disposed of, and prayed that the sale be rescinded, but the court said:
“But where, as in this case, the purchaser has been in possession for more than - two years, under a title which, however defective, he thought proper to accept, and under which he may never be disturbed, he has, in our opinion, no claim to rescission, and can only ask to be -protected or secured against a possible eviction at a future time.”
In Rightor v. Kohn, 16 La. 501:
“It has been long settled that a vendee cannot refuse payment of the price, on the ground that other persons have titles to the land sold him, but who have not disturbed him.”
Many cases may be cited in our jurispru-dence sustaining the propositions maintained in the above-quoted cases, as to buyers who have paid and those who have not paid the price. See McCulloch v. Weaver, 14 La. Ann. 33 ; Matta v. Henderson, 14 La. Ann. 473 ; Dupleix v. Deblieux, 26 La. Ann. 218 ; Bayley v. Denny, 26 La. Ann. 255 ; Williams v. Fuller, 27 La. Ann. 634. We imagine that no case can be, found in our jurisprudence which sustains the proposition that a sale can be annulled or rescinded or the price reclaimed on the mere allegation and proof of a possible title in some one other than the plaintiffs’ vendor, or that the purchaser’s title and possession may be subject at some future period to be attacked and disturbed by parties who had no interest in or title to the land at the time the suit to annul is instituted. Of course the case would be different if the plaintiffs had alleged a valid outstanding title in some other person superior to the title of Mrs. Breard. But this they have not done, and it is not pretended that any such title presently exists to the property in question. In the case of Robbins v. Martin, 43 La. Ann. 488, 9 South. 108, it was held that actual eviction is unnecessary, “if a perfect title exists in some third person whereby it is rendered legally certain that his vendor had no title,” affirming McDonald v. Vaughan, 14 La. Ann. 716. And again in Bonvillian v. Bodenheimer, 117 La. 808, 42 South. 278, on rehearing, it was said that a sale by a vendor without title vests no right of ownership in the vendee, and is null as a sale of a thing belonging to another. “The sale being vicious ab initio, the right of the purchaser to de *553 mand its nullity springs at once into existence. The law annexes no conditions to the exercise of this right. The purchaser, having received nothing for the price paid, has' the right to demand its restitution.” That was an action in warranty to recover the price which plaintiff had paid Bodenheimer for property which was not owned by Bodenheimer and the decision of the court was founded on article 2452 of the Civil Code, which declares that the sale of a thing belonging to another is null and void. The opinion on rehearing clearly emphasizes the distinction between a case where the price has been paid and there exists an actual' valid outstanding title superior to that of the vendor and a case where the price has not been paid and where there is no superior outstanding title and where the only apprehended danger of eviction is the possible claim that might be made at some future date, dependent on a contingency which may never happen. The court, referring to article 2560 of the Civil Code, said that that article presupposes a pending suit by a third person against the purchaser in possession. In such case the law makes it the duty of the defendant to notify his vendor, who may be called in warranty. Such a suit involves the issue of title to the property, affords the purchaser an opportunity to call in his vendor and warrantor. In such a case it is a reasonable requirement that the purchaser shall not “during the suit institute a separate action against his vendor for the restitution of the price.”
[3-5] We are of the opinion that a purchaser who has not paid the price cannot suspend such payment nor sue to annul the sale in the absence of any allegation of a disturbance of his title and possession, and, in the absence of any allegation of an existing ownership in some one other than his vendor and a petition which alleges no disturbance or threatened eviction or existing.title in some one else, discloses no cause of action. In the case at bar, the allegations of the petition with the attached deed absolutely negatives any possibility of there ever being any attack on plaintiff’s title on account of the act of donation. Conceding that a donation inter vivos is revocable by the donor, and conceding that such a donation may be attacked or reduced by the forced heirs of the donor, the husband of the donee and the father of the children from whom a possible attack is made the basis of plaintiffs’ suit joined in the deed to the plaintiffs and conveyed to the plaintiffs his entire interest in the land with full warranty of title.
It would be useless to cite authority to sustain the proposition that D. A. Breard, Sr., could never revoke the donation to the prejudice of his act of sale and his obligation of warranty. His forced heirs could claim no greater rights than their father possessed. And the same heirs claiming under their mother would be bound by the sale made by her and could not be heard, quoad their inheritance from her, to urge that she acquired no interest in the property under the donation.
[6] The defendants have prayed for damages for a frivolous appeal, but they have joined in the appeal of the plaintiffs, and have asked for a reversal of the judgment in their favor. An appellee who joins in an appeal by answer and who secures a reversal of the judgment appealed from in his favor is not entitled to damages as for a frivolous appeal.
i'or the reasons assigned it is ordered and decreed that the judgment appealed from, in so far as it dissolves the injunction, is affirmed, but otherwise the said judgment is annulled and reversed, the exception of no cause and no right of action is sustained, and the plaintiffs’ suit is dismissed at their costs in both courts.