(124 So. 766)

(No. 30099.)

### ABNEY v. LEVY.

### In re JUDGES OF COURT OF APPEAL, FIRST CIRCUIT.

Oct. 8, 1929.

L. V. Cooley, Jr., of Slidell, for plaintiff.

S. W. Provensal, of New Orleans, for defendant.

OVERTON, J. Plaintiff sets forth in his petition that, on July 2, 1925, he bought certain property from defendant; that defendant did not own the property at the time of the sale; that defendant has not acquired any title thereto since, and that, therefore, the sale. from defendant to him is null and void. He prays that the nullity of the sale be declared, for the return of the purchase price, and for damages.

The Court of Appeal, in certifying the case to this court, says that the record discloses that plaintiff paid the purchase price and has been in the actual and undisturbed possession of the property since the day of sale. The court does not say whether the evidence shows that defendant had no title to the property, but says it is plaintiff's contention that defendant had no title to it at the time of the sale, and that he further contends that the property really belongs to Alexandre Mutti, a third person, and the court then suggests strong doubt as to its right to pass upon Mutti's title in a proceeding to which Mutti is not a party. Based upon the foregoing statement, the court then certifies to us the following question of law for instructions, namely, "Whether a vendee who has paid the purchase price, who is in possession, whose possession has not been in any manner disturbed, may sue his vendor for the return of the purchase price under the usual warranty clause?"

In Bonnabel v. First Municipality, 3 La. Ann. 699, it was held that a purchaser who has paid the price can neither demand a restitution of it nor security, prior to judicial eviction. The court based its ruling on article 2538 of the Civil Code of 1825, which is incorporated in the Revised Civil Code of 1870 as article 2560, reading as follows: "If the purchaser has paid before the disturbance of his possession, he can neither demand a restitution of the price, nor security during the suit." But in Robbins v. Martin, 43 La. Ann. 488, 9 So. 108, 112, it was held that, "if a perfect title exists in some third person, whereby it is rendered legally certain that his vendor has no title," actual eviction is unnecessary to entitle the vendee to sue for restitution of the purchase price. In that case it was said that "to constitute an eviction, it is not absolutely necessary that the

purchaser should be actually dispossessed." In Bonvillain v. Bodenheimer, 117 La. 793, 42 So. 273, 278, the jurisprudence, touching the question, here presented, was reviewed, and, on rehearing, it was pointed out that in Bonnabel v. First Municipality, supra, no attempt was made to reconcile article 2538 of the Civil Code of 1825 (article 2560 of the Revised Civil Code of 1870), denying to the purchaser, who has paid before the disturbance of his possession, the right to demand, during the suit, the restitution of the price, with article 2427·of that Code (article 2452 of the Revised Civil Code of 1870), declaring that: "The sale of a thing belonging to another person is null.  *  *  * "  It was there said that article 2560 of the present code (article 2538 of the Civil Code of 1825), applied only to cases where there was a suit pending, instituted by a third person against the purchaser in possession. The case of Bonnabel v. First Municipality was there overruled, and it was held that the purchaser in possession has the right to sue for restitution of the purchase price, although his possession has not been disturbed, where a perfect title exists in a third person, whereby it is rendered legally certain that his vendor had no title, thus affirming Robbins v. Martin, supra. The doctrine of the Bonvillain Case was affirmed in Tennent v. Caffery, 163 La. 976, 991, 113 So. 167, 173. The case of Kuhn v. Breard, 151 La. 546, 92 So. 52, does not conflict with the Bonvillain Case. In fact, the doctrine of · the Bonvillain Case is recognized in the Kuhn Case. Nor does the case of Bickham v. Kelly, 162 La. 421, 110 So. 637, conflict with the Bonvillain Case. In that case the court, while recognizing the doctrine of the Bonvillain Case, failed to find that there was a perfect outstanding title in a third person.

The principle recognized and applied in the Bonvillain Case is not an unreasonable one. As was observed in the case itself, in speaking of a sale where the title was in a third person: "The sale being vicious ab initio, the right of the purchaser to demand its nullity springs at once into existence. The law annexes no conditions to the exercise of this right. The purchaser, having received nothing for the price paid, has the right to demand its restitution. The vendor, not having complied with his obligation to transfer the ownership, has no equity to retain the price." The doctrine of that case should remain undisturbed.

It is a matter of no importance that, in this case, the third person, in whom it is alleged title is vested, is not a party to this suit. He is not a necessary party to it. The court, even in his absence, may inquire to ascertain whether it appears that a perfect title is vested in him. For the court to be legally in position to do this it is not necessary that the third person to the sale be bound by the decree. The only necessary parties to the suit are the parties to the sale, the plaintiff, and the defendant herein. The third person is not concerned as to whether defendant be ordered to return the purchase price to plaintiff or not.

For the foregoing reasons our answer to the question certified to us is that a vendee in the undisturbed possession of property has the right to sue his vendor for the restitution of the purchase price thereof, whenever he is in position to show, and so shows, that a perfect title to the property exists in some third person, whereby it is rendered legally certain that his vendor had no title. If he is unable to so show, or fails to do so, he cannot recover.

O'NIELL, C. J., concurs in the foregoing opinion, except that in his opinion the third

person who is alleged to have title to the property should be made a party defendant in this suit.