GORDON et al. v. ALGIERS SECURITIES, Inc., et al.

No. 14617.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

Thomas J. Dobbins, of New Orleans, for appellants.

Lemle, Moreno & Lemle, of New Orleans, for appellees.

JANVIER, Judge.

Plaintiffs are the heirs of Isaac Weiner. Prior to his death, the said Weiner had paid to the Algiers Securities, Inc., and to certain other parties with whom we are not concerned, $1,000 as the purchase price of certain improved real estate of which Algiers Securities, Inc., represented itself as owning an undivided one-half.

It developed that the said securities company had no interest in the property, having previously conveyed such interest as it had owned to a certain Charles R. Alexander.

This suit has as its object the rescission of the sale and the recovery of the purchase price because of the fact that the defendant corporation had no title which it could convey.

Though the suit was originally filed against the other vendors as well as against Algiers Securities, Inc., some of the other defendants could not be served, and, before the date of the trial, the suit was voluntarily dismissed as in case of nonsuit as to all of the defendants except Algiers Securities, Inc., and, from that defendant, one-half of the purchase price is now claimed together with a rescission of the sale so far as it is concerned.

Defendant corporation interposes several defenses.

Its first contention is that at the time it sold an undivided one-half of the property to Weiner, though it did not have title thereto, it had obtained from the owner, Alexander, an agreement under which he had contracted to transfer his title to it so that it might in turn perfect Weiner's title by an act of confirmation, and that, since the said owner did, in fact, later transfer to it title to the said undivided one-half, the said transfer inured to the benefit of the said Weiner and of his heirs.

As a second defense, it is contended that, though the said Weiner appeared in the act of sale as the purchaser of the property, he was, in reality, acting not for himself but for one Edward Brown, in whose favor he had executed a counter letter in which he had declared that he (Weiner) had acted for the said Brown and had himself no interest whatever in the property.

The third contention is an alternative defense in which defendant corporation asserts that, if the sale is set aside and it is condemned to return to plaintiff one-half of the purchase price of the property, it should receive credit for one-half of the revenues produced by the property while it was in the possession of Weiner and of his heirs, and also for one-half of the alleged value of one of the buildings which was on the property at the time of the sale and which is alleged to have been removed by the said Weiner or the said Brown or by representatives of one of them. It is charged that one-half the revenues from the rental of the property during that period amounted to $750, and that one-half of the value of the building alleged to have been removed amounted to $250, and therefore claim in reconvention is made for the sum of $1,000 and also for one-half of such other revenues as the property may be shown to have produced pending final judgment.

In the district court there was judgment for plaintiffs as prayed for against defendant corporation, and the alternative reconventional demand was rejected in toto.

It is conceded that, at the time of the sale, the title which the defendant corporation pre-

tended to transfer to Weiner was in Charles R. Alexander and not in the pretended vendor.

One who attempts to purchase real estate, though he may pay the purchase price, and though he may obtain possession and retain it without disturbance, may, on discovery that his pretended vendor did not have title, sue for a rescission of the pretended sale and for the return of the price paid. Any doubt which may once have existed on this point has been removed by the decision of the Supreme Court in the matter of Abney v. Levy, 169 La. 159, 124 So. 766, 767, in which that court, in answering a question certified to it by the Court of Appeal for the First Circuit, said: " * * * Our answer to the question certified to us is that a vendee in the undisturbed possession of property has the right to sue his vendor for the restitution of the purchase price thereof, whenever he is in position to show, and so shows, that a perfect title to the property exists in some third person, whereby it is rendered legally certain that his vendor had no title." See, also, Tennent v. Caffery, 163 La. 976, 113 So. 167, and Bickham v. Kelly, 162 La. 421, 110 So. 637.

That defendant corporation later acquired title to the property and thus was then in position to confirm and make perfect the prior transfer to Weiner will not avail as a defense, because it appears from a stipulation between counsel, which we find in the record, that the said "Alexander had not reconveyed the property * * * prior to the filing of this suit. * * *"

It is well settled that an after-acquired title will not avail to defeat a previously filed action to rescind.

In St. Landry Oil & Gas Company, Inc., v. Neal et al., 166 La. 799, 118 So. 24, 25, this question was discussed, and the Supreme Court reviewed the jurisprudence in point. It was held that, so long as the purchaser remains in undisturbed possession and takes no action to rescind the sale, and so long as he has not been evicted, the pretended vendor, having acquired good title, may tender it, and thus avoid an action in rescission, but, when once an action to rescind had been commenced, a tender of title will not avail. The court said: "In our view, at least in the absence of an actual eviction working substantial injury, where one purchases from another without title before a suit to rescind is commenced, the title thus acquired vests immediately in the vendee of the one acquiring

it, and the vendee cannot sue for a rescission of the sale by which he purchased. He should not then be permitted to sue, because his vendor, under these circumstances, would have fulfilled all of his obligations to him. However, after he has instituted suit to rescind, his suit cannot be defeated by a title acquired by his vendor after the institution of the suit. The new title does not vest in him then, unless he accepts it, for he cannot be forced to retract his steps and dismiss his suit by an after occurrence." See, also, Hale v. City of New Orleans, 18 La. Ann. 321; Brewer et al. v. New Orleans Land Company, 154 La. 446, 97 So. 605.

These cases, and particularly the Neal Case, cannot be distinguished, and are therefore controlling here.

Whether or not Weiner had issued a counter letter to Brown is of no moment in the absence of a claim by Brown. Defendant corporation sold to Weiner, and it cannot now be heard to contend that the real party at interest is Brown. It was paid by Weiner, and to Weiner or his heirs it must now account. Brown testified in the matter, and nowhere do we find any assertion by him that he is entitled to recover the purchase price.

We come now to the reconventional demand.

Far from showing that there was any substantial revenue from the property, the evidence proves that, during the two and a half years which elapsed between the pretended sale to Weiner and the institution of this suit, the actual revenue was about $75, and that this sum fell far short of being sufficient to pay for the repairs to the buildings.

The so-called house which was removed and one-half the value of which is claimed was a shack of such little value that insurance thereon for $100 could not be obtained. The destruction and removal thereof was ordered by the public authorities after it had been damaged by fire, which fire was in no way chargeable to Weiner, to Brown, or to Weiner's heirs.

So far as the destruction and removal were concerned, there was no option in the matter and there was no salvage. The wood which was left was burned as firewood or was given away and had no commercial value.

The claim in reconvention is utterly without foundation.

The judgment appealed from is affirmed. Affirmed.