TALIAFERRO, Judge.
This case is here on appeal from judgment that sustained exceptions of no cause and no right of action. The Court’s ruling on the ¿xceptions was based solely upon the allegations of the petition.
Plaintiff alleged that on December 1, 1947, he purchased from J. A. Foshee and Poyet *410 Cox a building and, presumably, the lot whereon it stood, near the City of Natchi-toches, Louisiana, a portion of which was at the time occupied by Blue Plate Foods, Incorporated, as lessee at a monthly rental of Thirty Dollars ($30.00) ; that “one of the inducements to petitioner to purchase said property was the permanency of Blue Plate Foods, Incorporated as a tenant of a portion of the said building”; that in the latter part of May, 1948, he notified the said tenant that from and after June 1st the rent payable by it would be reduced to $27.50; that on or about May 28th, without notice to him, the said company abandoned the leased premises; that under the laws of this state, he, as landlord, was entitled to ten days notice by the lessee of its intention to vacate.
It is further alleged that the entirety of said building was destroyed by fire on June 1, 1948; that its value then was Four Thousand ($4,000.00) Dollars, on which there was in effect insurance in the sum of Two Thousand ($2,000.00) Dollars; and thereby plaintiff sustained a loss of Two Thousand ($2,000.00) Dollars, for which amount and rent of $27.50 for the month of June, he sued. The gravamen of the petition is expressed in articles ten (10) and twelve (12), which we here quote, to-wit:
“Your petitioner shows that if and in the event the notice as required by law had been given plaintiff, or if and in the event the property had been surrendered or delivered to the plaintiff, adequate care would have been taken or seen that occupancy of twenty-four hours a day would have been established or maintained by petitioner; and the loss would not have occurred.
******
“Your petitioner shows that the abandonment by defendant company without delivering the property back to plaintiff, its owner, caused plaintiff the loss of Two Thousand Dollars ($2,000.00) and deprived petitioner of a monthly revenue from said property of Fifty-Two & 50/100 Dollars ($52.50) per month. Twenty-Seven & 50/100 Dollars ($27.50) was to be paid by Blue Plate Foods, Inc. beginning in June, 1948, and thereafter.”
The Blue Plate Foods, Inc., and its local and district representatives, James C. Davis and Charles B. Sanders, were made defendants.
In order to vest in this Court jurisdiction of the appeal, prior to trial, plaintiff entered a remittitur of Fifty Dollars ($50.00).
The petition poses two propositions, a primary and a secondary one, viz.:
(1) Had the lessee given to plaintiff the required ten (10) day notice of his intention to vacate the leased premises, he could have and would have procured a new tenant on a twenty-four (24) hour per day occupancy basis; and
(2) That such occupancy would have rendered impossible the destruction of the building from fire at the time it was so destroyed.
Deducing, this argument implies that under such circumstances, the building would not have caught fire, but had it done so the fire would have been extinguished by some one on the ground because of the twenty-four (24) hour per day occupancy. This argument appears rather fantastic. It is common knowledge that buildings used for cafe and/or garage purposes occasionally burn regardless of the nature of occupancy.
Granting that a new tenant could ■have been procured, as stated in proposition (1), it does not necessarily follow that a fire in some part of the building would not have started; and if started, it would have been extinguished before the building was consumed. Especially would this be true had the fire begun in that part of the building leased for garage purposes, and we are informed in appellees’ brief that the fire did begin in that portion of the building. Plaintiff’s petition would have been some stronger had he alleged that the fire began in the premises formerly leased by the defendant. The fact that he did not so allege adds strength to the belief that it did not have its beginning thére. A plaintiff is presumed to allege the strongest pertinent facts of which his case is susceptible, keeping in mind the verity of such facts.
It would require stretching the imagination to an unthinkable degree to hold *411 that the petition discloses either á cause or a. right of action in the respects above 'discussed. Conjecture, supposition and as•sumption with little or no real basis, would have to take the place of sound, logical facts in order to so hold. The sufficiency ■of a petition and the outcome of a lawsuit are not in this manner determined.
Plaintiff is not entitled to recover rent for the month of June. This would be true even had the defendant not abandoned the leased premises when and as it did. The .fire, we infer, occurred during the night ■of May 31st, before the beginning of a new •month. The rent was payable monthly and, ■presumably, in advance. The total destruction of the leased premises automatically puts at end obligations that arise from the ¡relation of lessor and lessee. Civil Code Article 2697. And, had the rent been paid for June prior to the fire, the right of the lessee to recover same would seem sure.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.