AYRES, Judge.
This is an action under an obligation of warranty contained in a deed of conveyance of property from defendant to plaintiff. Plaintiff has appealed from a judgment sustaining an exception of no cause of action.
In the consideration of an exception of no cause of action every well-pleaded fact contained in plaintiff’s petition must be accepted as true. Conclusions of the pleader are not to be so considered. Hicks v. City of Monroe Utilities Commission, La.App., 108 So.2d 127. The plaintiff is presumed to have alleged the strongest pertinent facts of which his case is susceptible consistent with the verity of such facts. Gibbs v. Blue Plate Foods, Inc., La.App., 47 So.2d 409.
The facts alleged in his petition, and upon which plaintiff bases his right to the relief he seeks, may be briefly stated. Plaintiff alleges that in 1954 he purchased of the defendant, by deed duly recorded in the conveyance records of Webster Parish, Louisiana,
Lot 10 of the West Side Subdivision, located in the SWj4 of the NEJ4, Section 28, Township 19 North, Range 9 West, Webster Parish, Louisiana;
that at the time of said purchase there were of record in the conveyance records of said parish a map and plat of a survey of said subdivision; that he was familiar with said subdivision and of the lots therein, as well as the boundary lines thereof, inasmuch as he assisted in the making of said survey; that at the time of his purchase there was situated on the aforesaid lot a building to which he began the construction of an addition in 1959, which construction he discontinued when the owner of Lot 11 of said subdivision claimed title to a part of the property upon which he was building; and that thereafter he sought to purchase the land involved, but declined to do so when he was quoted a price of $1,250 therefor.
*245 In addition to the aforesaid sum, plaintiff seeks to recover from the defendant as damages, cost of the aforesaid construction and its demolition or removal, surveying and legal expenses, depreciation, and loss of revenues. Nowhere does plaintiff allege that the unnamed owner of Lot 11 of said subdivision has made claim beyond the confines and limits of his lot; nor does it appear from plaintiff’s petition that he confined and limited his construction entirely to the lot of which he has title; and, that he did not do so, finds some support in his allegation that it was “additional land” which he attempted to purchase.
Plaintiff-appellant has cited numerous authorities in support of his contention, among which are the following cases: Bonvillain v. Bodenheimer, 117 La. 793, 42 So. 273; Kuhn v. Breard, 151 La. 546, 92 So. 52; Bickham v. Kelly, 162 La. 421, 110 So. 637; Abney v. Levy, 169 La. 159, 124 So. 766; Bologna Bros. v. Stephens, 206 La. 112, 18 So.2d 914; Hausler v. Nuccio, 214 La. 1069, 39 So.2d 734; Carroll v. Boosahda, La.App., 51 So.2d 836.
We are in accord with the pronouncements made therein, particularly with the principle primarily relied upon by plaintiff, that is, that in order for an action of this character to be maintained, actual eviction is unnecessary if a perfect title exists in some third person, wherein it is rendered legally certain that the vendor had no title to the property which he purportedly sold to plaintiff.
As disclosed in the above recital of pleaded facts, these authorities have no application in that it does not appear from plaintiff’s petition that the unnamed third party is claiming or asserting title beyond the limits of Lot 11, which he allegedly owns; nor does it appear that plaintiff confined and limited his construction to Lot 10 purchased by him from the defendant and to which he now claims title.
For these reasons, we concur in the conclusion reached by the trial court that plaintiff’s petition neither states nor discloses a cause of action.
Accordingly, the judgment appealed should be, and is hereby, affirmed at appellant’s cost.
Affirmed.