In this action the plaintiff partnership and the individual members thereof are seeking the return of the price of $1,500 paid by them to Benjamin J. Stephens, deceased, for the purchase of a certain tract of ground, under the contention that the decedent, who was plaintiffs' vendor, and who received the purchase price, had no title to said property at the time of the purported conveyance thereof. The defendants are Laura R. Stephens and Bennie Ruth Stephens Doneghy, the widow and the only child and heir, respectively, of the said named decedent. Alternatively, plaintiffs seek to recover the sum of $1,000 paid to the defendant, Cecil N. Bankston, as consideration for a purported conveyance of title to the same tract.
The facts are set forth in detail in the opinion of the Supreme Court in Bologna Bros. et al. v. Stephens et al.,206 La. 112, 18 So.2d 914.
In the original action plaintiffs sued only the widow and heir of Benjamin J. Stephens for the return of $1,500, representing the purchase price, and for the recovery of taxes paid amounting to the additional sum of $855.49. Judgment was rendered in favor of plaintiffs as prayed for, but on appeal the judgment was reversed and set aside, and the case was remanded for the purpose of permitting the joining of Bankston, the Supreme Court, on its own motion, having taken notice of the nonjoinder of Bankston, a necessary party to the litigation.
After remand of the case by the Supreme Court, plaintiffs filed a supplemental and amended petition in which they abandoned the claim for taxes and confined their prayer for relief on the main demand to recovery of the purchase price of $1,500, and, on the alternative demand, to the recovery of the stun of $1,000.
[1] Bankston, made a defendant by the filing of plaintiffs' supplemental and amended petition, though a resident of East Baton Rouge Parish, made appearance by filing answer, thereby waiving any question of jurisdiction ratione personae.
[2] After trial there was judgment in favor of the defendants on the main demand, rejecting plaintiffs' demands, and for plaintiffs against Bankston on the alternative demand, from which judgment plaintiffs and Bankston appealed. Plaintiffs have perfected their appeal, which is now before this Court, but Bankston has failed to perfect any appeal, and, for this reason, the judgment is not at issue with reference to its effect upon him.
[3] A motion to dismiss the appeal has been filed by appellees, which is directed at the point that the Supreme Court, having acquired jurisdiction of the case on the basis of the original claims of plaintiffs, has retained same despite the remand of this cause. We find no merit in this contention, in view of the filing of plaintiffs' supplemental petition, which has eliminated all claims for taxes. The relief prayed for in this supplemental petition fixes the jurisdictional amount, and since no judgment could be rendered in answer to plaintiffs' prayers in excess of the principal sum of $1,500, claimed under plaintiffs' main demand, it must follow that this Court is the proper appellate tribunal.
[4] It is further urged, in support of the motion to dismiss the appeal, that plaintiffs' supplemental and amended petition does not have the effect of remitting the claim for taxes as included in the original petition. This argument must fail, in view of the allegation in article 1 of the amended petition, which reads as follows: "Plaintiffs supplement and amend their original and supplemental petitions heretofore filed hereinso as to read as follows:" (Emphasis by the Court.)
Inasmuch as the amendment is specifically intended to supersede and replace the original petition, and since the prayer of the amended pleading restricts the relief to the maximum principal sum of $1,500, there can remain no question as to the conclusion that plaintiffs have abandoned the claim for *Page 647 
monies paid for taxes, and, accordingly, their demands fall within the jurisdiction of this Court.
For the reasons assigned, the motion to dismiss the appeal is overruled.
Briefly stated, the pertinent facts involved in this litigation are as follows:
By good and valid conveyance of November 19, 1919, Benjamin J. Stephens acquired by purchase from Lewis Gottlieb lots 21, 22 and 23 of square 1, Bonnecaze Subdivision, in the City of Baton Rouge. Subsequent to this acquisition Stephens organized a family owned corporation — Stephens Realty Company, Inc. — and out of 200 shares of capital stock the said Stephens owned 198 shares, the remaining two shares being divided one each to his wife and daughter, the defendants in this suit.
On September 28, 1931, Stephens executed a deed to the corporation, which recited the conveyancc of lots 21, 22 and 23 of the Bonnecaze Subdivision in the City of Baton Rouge. Despite the fact that the Bonnecaze subdivision consisted of square No. 1 and square No. 2, each of which contained lots No. 21, 22 and 23, there was no reference to the square number in the conveyance to the corporation, nor was any attempt made to further describe the lots conveyed by reference to any plat, or map, or to the deed from Gottlieb to Stephens.
By instrument dated September 13, 1935, Stephens, in his individual name, conveyed to Bologna Bros. the south 37' of lot 21 of square No. 1 of the Bonnecaze Subdivision for a cash consideration of $1,500. On this tract Bologna Bros. later erected a building costing approximately $10,000. It is to be noted that this instrument of conveyance not only accurately describes the property, but, further, refers to the instrument by which Stephens acquired from Gottlieb.
On July 28, 1941, Stephens Realty Company, Inc., represented by Laura R. Stephens, widow of Benjamin J. Stephens, then deceased, conveyed to Cecil N. Bankston certain property situated in Bonnecaze Subdivision, which included the south 37' of lot 21 of square 1, being the same property sold by Benjamin J. Stephens to Bologna Bros. on September 13, 1935. The consideration was recited as being $4,000, part cash and part credit.
Sometime after the conveyance above described, Bankston advised Bologna Bros. that he was the owner of the property upon which it had erected its building. Without notice to defendants, Bologna Bros. entered into negotiations with Bankston, which finally led to the execution of a deed to the property by Bankston to Bologna Bros. in consideration of the payment of the sum of $1,000 to Bankston.
After the conclusion of this transaction, Bologna Bros. brought suit to recover the sum of $1,500 from the defendants, the widow and the sole heir of Benjamin J. Stephens, basing their claim to recovery on the ground that the sale from Stephens to Bologna Bros. was void, in view of the fact that title to the property at the time of said sale was vested in Stephens Realty Company, Inc., and not in Stephens individually.
Defendants, the widow and heir of Stephens, in defense to plaintiffs' action, advanced the claim that plaintiffs, not having been evicted, could not maintain this suit for return of the purchase price. This contention was disposed of by the Supreme Court in its opinion in this case, cited supra, in which the Court held that suit for restitution of the purchase price could be maintained by plaintiffs, despite the fact that they had not been evicted or disturbed in possession, under either of two theories, first, that the sale of a thing belonging to another is null, and, second, that actual eviction is unnecessary if a perfect title exists in some third person, rendering legally certain the fact that there was no title in the vendor. Bologna Bros. v. Stephens, 206 La. 112,18 So.2d 914, and authorities cited therein.
The same defendants also urged that the description in the conveyance from Stephens, individually, to the Stephens Realty Company, Inc., was insufficient to vest a valid title, and, further, that the inclusion of the property involved in this litigation in the deed from Stephens Realty Company, Inc., to Bankston was due to fraud on the part of said Bankston, and error on the part of defendants.
The supplemental and amended petition of plaintiffs, which was filed after the cause was remanded for the purpose of making Bankston a party, effected no material change in the original demands, save with respect to the abandonment of the claim for taxes paid and the inclusion of the alternative demand against Bankston.
The answer of Bankston sets up the claim that he acquired a perfect title from Stephens Realty Company, Inc., which he subsequently transferred to Bologna Bros., *Page 648 
who have not been disturbed in their possession; that there has been no claim under an adverse title against Bologna Bros., nor has there been any breach of warranty, and that in the event there has been any disturbance of plaintiffs' possession, they are estopped to make any claim against respondent because they were informed as to the title and received from him only whatever title or claim he might have. Bankston further called Stephens Realty Company, Inc., Laura R. Stephens and Bennie Ruth Stephens Doneghy in warranty, and prayed for judgment against them for whatever amount he might be condemned to pay plaintiffs, together with certain damages.
After trial, there was judgment in favor of plaintiffs and against the defendant, Bankston, as prayed for, in the sum of $1,000, with legal interest from judicial demand. Plaintiffs' demands against Laura R. Stephens, Bennie Ruth Stephens Doneghy and Stephens Realty Company, Inc., were rejected, as were the demands of the defendant Bankston against the same parties under his call in warranty. The judgment further assessed costs, accruing prior to the remand of the case before the Supreme Court, against plaintiffs, and divided the costs accruing subsequent thereto equally between plaintiffs and the defendant Bankston.
Defendant Bankston having failed to perfect his appeal to this Court, as we have above pointed out, the matters embraced in his several defenses are not before us for consideration. There then remains only one question, which is comprehended in the query advanced by the Supreme Court in its opinion in this case, cited supra., namely: "Did Bankston * * * have a perfect title to the disputed 37' of ground?"
[5] It is obvious that the description in the instrument from Stephens to Stepbens Realty Company, Inc., is fatally deficient. The failure of necessary certainty in the description is emphasized in article 20 of plaintiffs' supplemental petition, which reads as follows: "Plaintiffs show that there are two blocks or squares in Suburb Bonnecaze, containing lots numbered 21, 22 and 23, and that without reference to extrinsic evidence, it is not apparent from the said deed from Benjamin J. Stephens to Stephens Realty Company, Inc. whether the lots conveyed by Benjamin J. Stephens are located in Block No. 1 or Block No. 2 of Bonnecaze Subdivision."
[6] The record shows, beyond question, by the testimony of plaintiffs' own witnesses, that the property was not certainly or accurately identified by the description in the deed to Stephens Realty Company, Inc. In Hargrove v. Hodge et al., 9 La. App. 434, 121 So. 224, 225, the following statement was made in the opinion in this Court: "The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear."
This principle has been approved in recent decisions of the Supreme Court, Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; Cupples v. Harris,202 La. 336, 11 So.2d 609.
In his opinion in this case, Justice Hamiter made the following observation [18 So.2d 916]:
"Applying the test of the Hargrove case to Bankston's title, and keeping in mind that Bologna Bros. (a third person) dealt on the faith of the public records, we cannot conclude with certainty that it is perfect. To say the least, it is possibly defective."
[7] There can be no question in this case as to the fact that Bologna Bros. was a third person, purchasing in good faith, on the face of the public records, from Stephens in 1935. It therefore follows that Bologna Bros. received a good and valid title unless the description in the prior deed from Stephens to the Stephens Realty Company, Inc., is held to be sufficiently certain to support the claim of title of Bankston, the vendee of Stephens Realty Company, Inc.
Under the evidence, and in view of the authorities above quoted, we are of the opinion that the description in the deed from Stephens to the Realty Company was fatally defective and null for want of certainty.
In view of the failure of the defendant Bankston to perfect an appeal, there is no need to concern ourselves in this opinion with a determination of the questions of fraud and error as between the defendants Stephens and Doneghy, and the defendant Bankston. *Page 649 
For the reasons advanced, we hold that Bologna Bros. received good and valid title to the property in question through the conveyance from Stephens, and that Bankston did not have title to the disputed plot of ground.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., takes no part.