Mrs. Loyce Rains Tafolla, plaintiff in this suit, seeks to have annulled and declared invalid, to the extent of one-half interest in the land described therein, what purports to be a credit sale of one hundred sixty (160) acres in Sabine Parish, Louisiana, by her father, T. Rains, unto her sister and brother-in-law, Essie Rains Jones and Julian H. Jones. The instrument is attacked as being a donation in disguise, executed "in defraud of the rights of petitioner's mother, Mrs. Pearl Hicks Rains." Plaintiff prays to be recognized as owner of an undivided one-twelfth (1/12) interest in the land.
The purported sale in question was executed on December 29, 1941, at which time plaintiff's mother was living. She died intestate on June 8, 1943, hence her community interest in the land is involved herein. Besides plaintiff there are five children, issue of the marriage of her mother and father, who, according to the petition, are Essie Rains Jones, Kathryn Rains Wooley, Mattie Rains Jordan, Grace Rains Oliphant and Opal Rains Kemske. However, Essie Rains Jones and her husband, Julian H. Jones, only are impleaded as defendants. *Page 570 
The case was put at issue, by answer. Defendants affirmed the validity of the transfer to them, attacked by plaintiff, and assert ownership of the land through that instrument. Plaintiff's demand was rejected and her suit dismissed at her cost She appealed to this court.
[1] It is obvious that to finally pass upon and foreclose the issues tendered by the pleadings, T. Rains, the father, and plaintiff's co-heirs should be impleaded herein to the end that the rights and interests of each and all of them in the subject matter of this suit be adjudged at one and the same time.
[2] It is a rule of law, so far as we know without exceptions, that all parties to an act of sale or what purports to be an act of sale, that is attacked for fraud or other cause or causes, should be impleaded in a suit having for its object the annulment of such instrument. In this case we think it equally true that plaintiff's co-heirs, whose individual interest in the subject matter of this suit is co-extensive with her own, should be made parties to it.
[3] It is true an exception of non-joinder was not filed below, but the omission to do so should not and does not prevent this court from taking notice, on its own motion, of the failure to join parties indispensable to a correct and proper foreclosure of the issues involved in the case.
For plaintiff finally to succeed or fail in her effort to annul the sale attacked, in the present condition of the case, would not preclude her co-heirs or any of them from thereafter instituting like suit or suits, in which, under the proof adduced, judgment or judgments different to that for or against plaintiff, might be rendered.
[4] Courts should not be called upon to decide cases piecemeal, or expose themselves to rendition of contradictory judgments. The avoidance of multiplicity of suits is always sought.
Often the Supreme Court, where it was patent on the face of the record that persons other than those originally impleaded should be joined in order that the subject matter and issues forming the basis of a particular suit be once and for all time finally adjudged, has, on its own motion taken such action as it deemed proper to accomplish that result. In some cases non-suits were entered, leaving the litigants free to institute another suit after complying with the Court's direction, while in others judgments were set aside and the cases remanded with the privilege of amending pleadings so that indispensable parties be joined.
In Succession of Todd, 165 La. 453, 115 So. 653, an exception of non-joinder was filed in the trial court, but not urged there nor on appeal. The Supreme Court felt warranted in taking up the exception and passing on it because the conclusion was reached by it, on the face of the record, that persons other than those impleaded had a direct interest in the outcome of the controversy and should be made parties thereto. Non-suit was entered.
In the case of De Hart et al. v. Continental Land Fur Company, Inc., et al. 196 La. 701-711, 200 So. 9, 13, the court, in passing upon the principle herein discussed, made use of the following specific language:
"The lack of proper parties in this case is shown by the pleadings. When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with the case."
A long line of cases is cited to support the court's holding.
The latest case on this subject, decided by the Supreme Court, is that of Bologna Bros. et al. v. Stephens et al., reported in 206 La. 112, 18 So.2d 914, 917. The court therein said:
"No exception of non-joinder was filed; however, the court of its own motion may take cognizance of the lack of necessary parties."
For the reasons herein assigned, the judgment appealed from is set aside and this case is remanded to the lower court for further proceedings, consistent with the views herein expressed and in accordance with law. Appellees are cast for all costs incurred in this court; liability for all other costs will await final determination of the case.
KENNON, J., takes no part. *Page 628