On March 1st, 1947 the plaintiff, Hudnell T. Greer, purchased from the defendant, Walter R. Sumney, by warranty deed for a *Page 528 
cash consideration of $800.00 the following described land, to-wit:
"That part of the Northwest corner of Lot 4, Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville, Louisiana situated on the West side of paved Highway No. 171, together with all buildings, structures and improvements located thereon."
On the ground which plaintiff thought he was purchasing was a building which plaintiff immediately took down in order that he might construct a new building for his welding business. After he had removed this building, he was informed by a prior owner of Lot 4 of Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville that the property described in the deed was located within the bounds of the right of way of the Rosepine-Leesville Highway, being No. 171, and was, therefore, completely owned by the Department of Highways of the State of Louisiana. Plaintiff accordingly filed this suit for the annulment of the sale and for the return of the consideration.
Plaintiff alleged that the property which he attempted to purchase from the defendant belonged to the Department of Highways of the State of Louisiana and the Town of Leesville, Louisiana, and that the defendant owned no land whatsoever situated in Lot 4, Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville, and that the attempted and purported sale was null and void as being the sale of land belonging to another. Plaintiff made the further allegation that he had made demand upon the defendant Sumney in the presence of two competent witnesses to deliver to the plaintiff a valid title to the land or refund to plaintiff the purchase price, and that the defendant refused.
The defendant Sumney denied the material allegations of plaintiff's petition and alleged that he had bought the property February 2, 1946 from George Sliman, Peter Sliman and James Mulroy with full warranty of title for the consideration of $900.00, and that he purchased the property in good faith and without any knowledge of defect in the title. He therefore prayed that his three vendors be called in warranty and that there be judgment in his favor and against the plaintiff, rejecting the demands of the plaintiff, and, in the alternative, should there be judgment against him that there be judgment also in his favor and against his warrantors. The warrantors excepted on the ground that plaintiff's suit and defendant's call in warranty set forth no cause or right of action.
The three warrantors also filed an exception of prematurity on the following grounds:
"(A) That the suit of Plaintiff, and the Defendant's call in warranty against your Respondents is premature.
"(B) That plaintiff has not been dispossessed or evicted from his property and is still in possession thereof.
"(C) That there has been no judicial or official showing that the land is not there.
"(D) That there has not been any offer to return the property to Respondents.
"(E) That the property purchased cannot be returned, because Plaintiff has torn down and removed the house."
All of the above exceptions were by consent of counsel referred to the merits. The warrantors answered subject to their exceptions and denied all of the essential allegations of the petition and of the defendant Sumney's answer and call in warranty. The warrantors set up the title whereby they acquired the property in question from one E. L. Oxendine and, therefore, called him in warranty. The Warrantor, E. L. Oxendine, filed an exception to the citation which was properly overruled, and also exceptions of prematurity and no right or cause of action, all of which were referred to the merits.
The case was duly tried and judgment rendered in which all exceptions filed were overruled and there was judgment in favor of the plaintiff and against the defendant Sumney in the principal sum of $800.00 with legal interest thereon from judicial demand until paid, subject to a credit of $200.00 allowed defendant for all materials, furniture and fixtures taken and removed from the building torn down by plaintiff, and also further judgment in favor of defendant Sumney and against his warrantors *Page 529 
in the principal sum of $600.00 with legal interest and costs and also judgment in favor of the warrantors, George Sliman, Peter J. Sliman and James Mulroy and against their warrantor E. L. Oxendine in a like amount.
From this judgment the defendant's warrantors, George Sliman, Peter J. Sliman and James Mulroy, were granted a suspensive appeal to this Court. The plaintiff has answered the appeal praying that the judgment be amended by increasing the amount thereof, both in favor of the plaintiff against the defendant, and in favor of the other parties and against their respective warrantors from $600.00 to $800.00.
Plaintiff's cause of action is based upon Article 2452 of the Civil Code which states that: "The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person," and also upon Article 2506 of the Civil Code which states in part that: "When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller: 1. The restitution of the price. * * *"
While the record is bare of any facts showing any actual eviction of the plaintiff, counsel for plaintiff bases his claim to eviction upon the well-settled law that if there is a perfect outstanding title in another, this alone amounts to eviction as a matter of law and renders it impossible for the vendor to put the purchaser in possession. See Voss v. Roach, La. App., 35 So.2d 142; Bologna Brothers v. Stephens,206 La. 112, 18 So.2d 914; McDonold Coon v. Vaughan, 14 La. Ann. 716.
The defendant contends that the judgment of the Lower Court is erroneous for five reasons. We will discuss only the first two as we agree with both contentions which are as follows:
(1) The third party (the State of Louisiana) in whom it is alleged title is vested is a necessary party to this suit.
(2) The title or servitude alleged to be vested in a third party (the State of Louisiana) is not a perfect title.
It is necessary for plaintiff's recovery in this suit that he show that the title of the State of Louisiana to the property in question is a perfect title, otherwise there is a non-joinder of necessary parties.
The law covering this case is set forth in Bologna Brothers v. Stephens, supra. In that case, Bologna Brothers sued the heirs of Benjamin J. Stephens for the return of the purchase price by the Stephens of the south 37 feet of Lot 21, Square No. 1 of the Bonnecaze Subdivision, City of Baton Rouge, contending that their father, Stephens, did not own the property but that Stephens Realty Company owned it and conveyed the same to Cecil M. Bankston. The Court took cognizance of the fact that the deed purporting to convey Lot 21 of the Bonnecaze Subdivision to the Stephens Realty Company omitted the square number and, therefore, the Court held: "Since we are unable to hold that Bankston's title on its face is perfect, it becomes necessary to and we will remand the case so that plaintiffs can make him a party to the suit; * * *." [206 La. 112, 18 So.2d 916.] Further, the Supreme Court in the Bologna case in discussing the law applicable stated:
"In Bonvillain v. Bodenheimer, 117 La. 793, 42 So. 273 (a case cited and relied on by appellees), plaintiff sued to recover the price that he paid to defendant for property which the latter had never owned, and this court, on rehearing, held that he was entitled to restitution of the money, even though he may not have been actually evicted or disturbed in his possession by the true owner. Our conclusion was founded on R.C.C. Article 2452, which declares that the sale of a thing belonging to another person is null, and also on the rule announced in Robbins v. Martin, 43 La. Ann. 488, 9 So. 108, and McDonold Coon v. Vaughan, 14 La. Ann. 716, to the effect that actual eviction is unnecessary 'if a perfect title exists in some third person, whereby it is rendered legally certain that his vendor had no title.'
"Such doctrine or rule was later recognized and approved in Kuhn v. Breard, 151 La. 546, 92 So. 52, in Bickham v. Kelly,162 La. 421, 110 So. 637, and in Abney v. Levy, 169 La. 159,124 So. 766, 767. *Page 530 
"Moreover, in the Abney case, which was also a suit for the return of the purchase price, it was said:
" 'It is a matter of no importance that, in this case, the third person, in whom it is alleged title is vested, is not a party to this suit. He is not a necessary party to it. The court, even in his absence, may inquire to ascertain whether it appears that a perfect title is vested in him. For the court to be legally in position to do this it is not necessary that the third person to the sale be bound by the decree. The only necessary parties to the suit are the parties to the sale, the plaintiff, and the defendant herein. The third person is not concerned as to whether defendant be ordered to return the purchase price to plaintiff or not.'
"The discussed principles of law, it will be noticed, are applicable only when a perfect title exists in some third person, thus showing with legal certainty that there is none in the vendor of him who claims the restitution. And from this the question arises: Did Bankston, who has not been made a party to this suit, have a perfect title to the disputed 37' of ground?
" 'The purpose of registry is that third persons may have notice of the transfer, and, if the description in the deed is so vague, indefinite, and uncertain that the property cannot be located and identified, the sale is void as to third persons who deal upon the faith of the public records.' This was a comment in Hargrove v. Hodge et al., 9 La. App. 434, 121 So. 224, 225, a case decided by the Court of Appeal, Second Circuit. And therein the court further observed:
" 'The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear.'
"A writ of certiorari was refused by this court in the Hargrove case. Furthermore, in two recent decisions we specifically affirmed its holding. Daigle v. Calcasieu Nat. Bank in Lake Charles, 200 La. 1006, 9 So.2d [392], 394; Cupples v. Harris, 202 La. 336, 11 So.2d 609."
It would appear from the above that the question necessary for decision is: Did the State of Louisiana, which has not been made a party to this suit, have a perfect title to the disputed "part of the northwest corner of Lot 4, Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville, Louisiana, situated on the West side of paved Highway No. 171, together with all buildings, structures and improvements located thereon?"
On the 2nd day of February, 1917, Mrs. Charley Walker sold to Mr. James M. Oakes "all that certain lot or parcel of land situated in the Town of Leesville, Louisiana, and described as being Lots three and four of Block Twelve (12) of the Schweitzer and McFarland Addition to said Town, and being situated in the southwest quarter of the southwest quarter of Section 23, Township Two, North of Range nine, West."
We find introduced by plaintiff a "Right of Way Deed" wherein J. M. Oakes, for a consideration of $100.00, did "dedicate, transfer, assign, set over and deliver unto the State of Louisiana the following described property, to-wit:
"That portion of the right-of-way of the Rosepine Leesville State Highway, (Route No. 42), as located by the State Highway Engineer, which extends over and lies upon my, our, property, more particularly described as follows, to-wit: A strip or parcel of land having a width of 30 feet from the center line to the right side of said right-of-way, and 30 feet from the center line to the left side of said right-of-way, or a total right-of-way 60 feet over and across my certain tract or parcel of land located in the aforesaid parish, which said right-of-way extends approximately along the line shown on the map showing the approximate lines of the Rosepine Leesville State Highway (Route No. 42), prepared by the State Highway Engineer, copy of which map is on file in the office of theClerk of the Court of the Parish of Vernon and office of StateHighway Engineer at Baton Rouge, La." (Emphasis ours.)
"The above named consideration is in full payment of all claims of damages to Lots *Page 531 
three and four of Block twelve of the Schweitzer McFarland 2nd Addition to the Town of Leesville."
"It is expressly understood and agreed that this dedication and transfer of the above described right-of-way is made for and shall be used solely for the construction and maintenance of the said "Rosepine Leesville State Highway (Route No. 42),the exact location thereof to be hereafter determined by theState Highway Engineer, and for no other purpose. The grantor waives and abandons all claims for damages on account of the exercise of the privileges herein granted." (Emphasis ours.)
We find by another exhibit of plaintiff that J. M. Oakes then sold to W. L. Lucky "Lots Three (3) and Four (4) of Block Twelve (12), of Schweitzer McFarland Addition to Leesville, Louisiana, less that portion of said lots 3 and 4, conveyed by vendor to the Louisiana Highway Commission by deed dated May 27th, 1931, and recorded in Book No. 95, page 355 of the Conveyance records of Vernon Parish, Louisiana." The property then passed on down by various sales to defendant and warrantor Eldridge L. Oxendine and was described as being Lots 3 and 4 in Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville "with all improvements thereon, less that portion sold to the Louisiana Highway Commission, covered by Highway No. 171 and that portion off the North end of Lot Three (3) sold to Ashton A. Foster, as per map of said block hereto attached * * *." Attached to this deed is the map referred to which shows the Highway No. 171 as crossing a portion of Lots 3 and 4 and leaving a triangular shaped piece of land in the northwest corner of Lot 4. There is nothing in the record to show by whom this map or plat was drawn and nothing on the map itself to identify its maker.
When E. L. Oxendine sold this property to Ellsworth E. Mapes it was described as follows:
"That certain part of the Northwest corner of Lot Four (4) of Block Twelve (12) of the Schweitzer McFarland Subdivision to the Town of Leesville, Louisiana, lying North and West of Highway 171, being that certain tract of land covered by building formerly occupied by the American Liquor Store, together with all improvements situated thereon."
This description coincides with the description of the property as shown by the map or plat annexed to the deed wherein Oxendine purchased the property and which we have already mentioned. The description from then on in all material aspects is practically the same, no reference being made in the subsequent deeds down through plaintiff's deed to any portion sold to the State for highway purposes.
Mr. Jack Hadnot, Clerk of Court for the Parish of Vernon, testified that there was no plat of record showing the right of way of the Rosepine-Leesville Highway, Route 42, recorded in the Clerk's office, neither does the transcript contain any offering of any map showing the exact location of the highway with reference to Lots 3 and 4 of Block 12, although the right of way deed states that such a map was on file in the Clerk of Court's office of the Parish of Vernon and in the office of the State Highway Engineer in Baton Rouge, Louisiana. It would appear from a reading of the description in the right of way deed that it would be impossible without the maps referred to therein to definitely locate with any certainty what portions of Lots 3 and 4 of Block 12 of the Schweitzer-McFarland Addition is actually taken up by the highway. It would further be reasonable to presume from the statement in the right of way deed that the exact location of the Rosepine-Leesville State Highway, Route No. 42, was to be "hereafter determined by the State Highway Engineer," and on the date of the transfer as shown by the right of way deed a highway had not definitely been mapped or located across Lots 3 and 4, and if this be true it would follow that it would be impossible from this deed to decide whether the State had a perfect title to the northwest portion of Lot 4 or not. It is therefore necessary that the record contain a map of the State Highway Engineer as stated in the title, either as on file in the office of the Clerk of Court or in the office of the State Highway Engineer, and since such a map is totally absent from the record, we are of *Page 532 
the opinion that from a reading of the title itself, the State does not have a perfect title.
Plaintiff filed a supplemental petition herein and annexed to that petition a survey and map made by R. E. Oxford, a licensed surveyor, September 13, 1947, showing Block 12 and Louisiana-U.S. Highway No. 171 as it crosses Lot 3 and 4 of Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville. According to this map and the testimony of the surveyor, the northwest corner of Lot 4 of Block 12 is approximately two feet east of the west right of way line of Louisiana-U.S. Highway 171. According to his testimony, there was no sign of any improvements located on the northwest portion of Lot 4 as shown by his map and survey. It is contended by defendants that the building which plaintiff removed was located on the triangular northwest portion of Lot 4 and that the west line of the right of way of U.S. Highway 171 is the east boundary line of the small triangular portion of property in dispute. R. E. Oxford, the surveyor, testified that he started from the purported northwest corner of Lot 4 but that there was no evidence of a corner at that point. He further testified that he located this point "by measuring from a point that was pointed out to me by Mr. Oakes and by measuring in all directions along the purported land lines." In other words, this surveyor referred to the plat of this addition and after having the purported northwest corner pointed out to him by Mr. Oakes, took information such as distances and directions from the official plat of this subdivision. The case of Simmons v. Miller, La. App., 170 So. 521, would be applicable. In that case, the Court held that: "Landowner seeking to establish boundary line must be able to show that line he relies on has formerly been fixed, either judicially or extrajudicially by mutual consent." Civ. Code, Articles 823, 824, 832. There is nothing in this record to prove that the lines or corner of Lot 4 had been fixed, either judicially or extrajudicially, and although Mr. Oxford was a licensed surveyor, he relied altogether on information furnished him by J. M. Oakes as to the location of the northwest corner of Lot No. 4, when he should have proven the location of this corner by referring to the map of the highway engineer, if there be one, or other field notes from which the Schweitzer-McFarland Addition to the Town of Leesville was originally laid out.
We are therefore of the opinion that this survey which was offered in evidence and then withdrawn (however, it is annexed to plaintiffs' petition and made a part thereof and is therefore a part of the record without the necessity of being specifically offered) is of no value, and it has not been shown that the State has a perfect title to the property in question, as it is impossible to say from the record in this case what portion of Lots 3 and 4 was sold to the State in its right of way deed.
It is well settled that although no exception of non-joinder be filed, the Court on its own motion may take cognizance of the lack of necessary parties. Bologna Brothers v. Stephens, supra; Tafallo v. Jones et al., La. App., 23 So.2d 569; Whitney National Bank of New Orleans v. Little Creek Oil Co., La. App.,33 So.2d 693.
Therefore, being of the opinion that the State's title on its face is not perfect, the case must be remanded so that the State may be joined as a party to the suit.
The highway in question was placed under the State Highway system, and by Act No. 4 of the Louisiana Legislature for the year 1942 the former State Highway system was continued in existence and consisted of all highways formerly included in the state system by any previous act of the Legislature. Also, by the terms of this Act, the present Department of Highways was created and all highways were placed under its supervision, control and ownership. Section 8 of said Act stated that the Department of Highways could sue and be sued, implead and be impleaded and, therefore, the Department of Highways would be the proper party to be joined in this suit to settle the question involved herein.
It is therefore ordered that the judgment of the Lower Court be annulled and reversed, *Page 533 
and it is further ordered that this case be remanded to the District Court to be proceeded with according to law and not inconsistent with the views herein expressed, and the plaintiff is hereby ordered to pay the costs of this appeal and all other costs to await the final determination.