ELLIS, Judge.
Plaintiff purchased from the defendant by Warranty Deed for a cash consideration of $800 a small triangular piece of ground described in the deed as follows: “That part of the Northwest corner of Lot 4, Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville, Louisiana situated on the west side of paved *504 Highway No. 171, together with all buildings, structures and improvements located thereon.”
He demolished the small building which was on the property in order to construct a new one. He was then informed that the property in question and which he had purchased was within the right-of-way of the Rosepine-Leesville Highway No. 171, and, therefore, belonged to the State of Louisiana.
He then filed suit for the annulment of the sale and for the return of the purchase price. From a judgment in favor of the plaintiff against the defendant and in favor of the defendant against his war-rantors, 'George and Peter J. Sliman and James Mulroy, and a judgment in their favor against their warrantor, E. L. Oxen-dine, the third named warrantor appealed to this Court.
' In view of the fact that plaintiff’s cause of action is based upon Article 2452 of the Civil Code which states that “The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person”, and based his claim to eviction upon the well-settled law that if there is a perfect outstanding title in another, this alone amounted to eviction as a matter of law and rendered it impossible for the vendor to put the purchaser in possession, relying upon Voss v. Roach, La.App., 35 So.2d 142; Bologna Brothers v. Stephens, 206 La. 112, 18 So.2d 914, and McDonald & Coon v. Vaughan, 14 La.Ann. 716, and having failed to show that the title of the State of Louisiana to’ the property in question was a perfect one, we remanded the case in order that the Department of Highways be made a party to the suit. See La.App., 41 So.2d 526.
The Department of Highways was made a party to the suit and in its answer set forth that it owned a right of way over and across a portion of Lot 4, Block 12 of the Schweitzer-McFarland Addition to the Town of Leesville, under and by virtue of that. certain' deed from J. M. Oakes, and that it was and had been since 1931 in the actual and undisputed possession of the highway across said lot as the same was located. The Department of Highways annexed to its answer Sheets Nos. 1 and 30 of the map referred to in the Oakes right-of-way deed, being the only portion of the map pertinent to the property in question.
The case was tried and the District Court again rendered judgment in favor of the plaintiff against the defendant for $800 with legal interest, subject to a credit of $200 for materials and fixtures removed from the wrecked building by the plaintiff, and also judgment in favor of the defendant against his warrantors, George Sliman, Peter J. Sliman, and James Mulroy, for $600 with legal interest and costs, and the same judgment in favor of these war-rantors against their warrantor E. L. Ox-endone.
From this judgment the warrantors, George Sliman, Peter J. Sliman, and James Mulroy, have appealed and the plaintiff has answered the appeal seeking an increase in the amount of the judgment to $800 as against all parties.
The only additional evidence added to the original record are the two maps referred to as Sheet No. 1 and Sheet No. 30, showing the highway from Rosepine to Leesville, and Sheet No. 30 shows this highway as it goes through part of Lees-ville and particularly the Schweitzer-McFarland Subdivision.
In addition to the maps, we have the testimony of the surveyor, R. E. Oxford, without objection to the effect that the maps, and particularly Sheet No. 30, showing the location of the highway across Lot 4 as shown on Sheet 1 of the highway map, are correct.
These highway maps introduced in evidence conclusively show that the property in question is within the right-of-way of the Rosepine-Leesville Highway No. 171. It is true that the maps introduced only show the proposed location of the highway, but as the surveyor testified without objection that this highway was actually located as shown on the maps, then it is proven that the property in question belonged to the State of Louisiana. The defendant offered no testimony.
*505 The plaintiff has answered the appeal and asked that the judgment he increased to $800, therefore contending that nothing should be deducted for the building and fixtures which were removed from the land. We cannot agree with this, and neither can we agree with the defendant in his contention that he should be allowed $240 rather than $200 as the value of this demolished building and fixtures. The District Court fixed a value of $200 and we see nothing manifestly erroneous in this finding.
It is therefore ordered that the judgment of the District Court be affirmed.