McBRIDE, Judge.
Plaintiffs, three in number, are the owners of certain lots with improvements fronting on Colapissa Street in Square 447 of the Seventh District of New Orleans. They brought this suit for the purpose of having a judicial fixing of the boundary line between their property and Lot “K” of said square which fronts on Holly Grove Street. Their petition alleges that Herbert Allen owns said Lot “K” and he is named as the defendant in the suit. The matter proceeded to trial as though Herbert Allen did own Lot “K” and was the proper defendant, and ultimately there was judgment which, among other things, established the boundary line in accordance with the report and plan submitted by the surveyor who had been appointed by the judge to inspect the premises involved and to make a survey thereof. Herbert Allen has appealed from that judgment.
 On Herbert Allen’s behalf there was filed in this court an exception of no cause or right of action which sets forth that Herbert Allen does not now own nor did he ever own the property described as Lot “K” in Square 447 of the Seventh District. There is some contention made as to whether we are privileged to consider this exception which was filed Only on appeal, but in view of our conclusions as to what the law is with reference to an appellate court’s right to notice whether the proper parties are before it, we will make no further reference to the exception. If Herbert Allen is not the owner of Lot “K” of said square, he is not the proper defendant and we cannot overlook that fact. It is a well-settled principle of law that where the absence of necessary parties is apparent, the court may take notice of' that circumstance on its own motion and refuse to proceed further with the case. De Hart v. Continental Land & Fur Co., Inc., 196 La. 701, 200 So. 9; Bologna Bros. v. Stephens, 206 La. 112, 18 So.2d 914.
Plaintiffs instituted the suit against Herbert Allen on the theory that whereas Lot “K” was acquired by Herbert Allen’s wife by purchase during the existence of the marriage between them, there is a legal presumption that the property is an asset of the matrimonial community and that Herbert Allen as its head and master is the proper person who is to be named as the defendant.
*66 But the presumption that the property belongs to the community is rebutted by the record. According to copies of notarial acts in evidence, on December 19, 1925, Mrs. Elliot Lewis, divorced wife by first marriage of Leon Nathan and now wife of Herbert Allen, duly authorized, obtained a loan of $3,400 from Phoenix Building and Homestead Association, with said Lot “K,” measuring 30'6"0"' front on Holly Grove Street by a depth of 152', as security^ and to complete the transaction she executed the usual sale and resale of said property. The notarial acts contain the recitals that the property was sold, reacquired and mortgaged as the property of Mrs. Elliot Lewis, divorced wife by first marriage of Leon Nathan and now wife of Herbert Allen, duly authorized.
From an examination of the act of sale whereby Elliot Lewis Nathan Allen sold the property to the homestead association it appears that said Lot “K” was originally:
“Acquired by Mrs. Elliot Nathan, divorced wife of Leon Nathan, (as per judgment rendered on December 20, 1922, in the proceedings No. 144,635 of the Civil District Court for the Parish of Orleans) by purchase from John J. Thomas, by act passed before Frank P. Krieger, Notary, on May 25th., 1923, Reg. C.O.B. 362, folio 409.”
This recital of the original acquisition of the property shows beyond question of doubt that the borrower was the divorced wife of Leon Nathan, as per a judgment rendered on December 20, 1922, in the proceedings No. 144,635 of the Civil District Court for the Parish of Orleans when she purchased the property from John J. Thomas on May 25, 1923. Having acquired the property before her marriage to Herbert Allen, it was her own separate and para-phernal property and when she brought said property into the marriage with Herbert Allen, it did not lose its character of separate property. LSA-C.C. art. 2334. Nor did the sale by Elliot Lewis Nathan Allen to the Phoenix Building and Plome-stead Association and the resale to her by that association change the status of the property, which was the subject of the loan transaction, from paraphernal to community property. Mayre v. Pierson, 171 La. 1077, 133 So. 163.
It is true that in Mayre v. Pierson the deeds executed by the wife contained recitals that the property was sold, reacquired and mortgaged as the separate and para-phernal property of the wife under her separate administration and control, while the deeds before us in the instant case contain no such recital as to the property remaining the paraphernal property of the wife or that it was under her separate administration and control. But we do not believe that the absence of such recitals in the deeds we are considering makes any difference whatever, and our opinion is that notwithstanding that Mrs. Elliot Lewis Nathan Allen sold her property to the homestead and then reacquired it for the purpose of borrowing $3,400 with the property as security, this did not change the character of the property from paraphernal to community or common property.
Were we to hold that the property became an asset of the community of ac-quets and gains because of the omission of any stipulation that it was intended by the borrower that the property was to retain its paraphernal character, such a holding would be tantamount to saying that a wife could by an act of sale make a transfer of her paraphernal property unto her husband. In this state such sale, except in the cases and for the consideration as provided for in LSA-C.C. art. 2446, is illegal. See Rush v. Landers, 107 La. 549, 32 So. 95, 57 L.R.A. 353. And as one spouse is forbidden to acquire the property of the other spouse by direct sale, he cannot do it indirectly through a third person interposed. Vicknair v. Trosclair, 45 La.Ann. 373, 12 So. 486; Parnell v. Petrovic, 14 La.Ann. 601.
Thus being satisfied that Lot “K” in Square 447 of the Seventh District of New Orleans is the separate and paraphernal property of Mrs. Elliot Lewis, divorced wife by first marriage of Leon Nathan, and now the wife of Herbert *67 Allen, we can only say that the plaintiffs were in error in impleading Herbert Allen, the husband, as the defendant and no adjudication by us on the record in its present shape could affect the property. While the owner of an estate has the right to compel a fixation of boundaries between his estate and contiguous property, the law contemplates that the action to fix the limits shall be brought against the owner of the other estate. See LSA-C.C. art. 823 et seq.
At one stage of our jurisprudence it was fatal to implead the wrong defendant and the penalty was the dismissal of the action. See Siragusa v. Illinois Cent. R. Co., 152 La. 745, 94 So. 376; Succession of Todd, 165 La. 453, 115 So. 653. However, the modem trend of liberality in upholding substantive rights instead of subtle technicalities is to allow amendments to pleadings that fail to state a cause of action due to insufficient allegations. The Supreme Court has remanded cases to the lower court in order that necessary parties may be impleaded, even where no exception of non-joinder was interposed, in order to render substantive justice and to avoid a multiplicity of suits. See De Hart v. Continental Land & Fur Co., Inc., supra; Bologna Bros. v. Stephens, supra; Douglas v. Haro, 214 La. 1099, 39 So.2d 744.
Therefore, we believe that this case should be remanded to the lower court for the purpose of making the proper party defendant and for retrial, and we shall model our decree in accordance with the decrees of the Supreme Court in the three cases last mentioned above.
For the reasons assigned, the judgment appealed from is reversed and set aside, and the case is remanded to the civil district court for further proceedings consistent with the views herein expressed and in accordance with law. The right is reserved to all parties at interest to file whatever pleadings they may deem appropriate. Costs of this appeal shall be paid by the plaintiffs; all others are to await the final determination of the case.
Reversed and remanded.