HALL, Chief Judge.
On February 8, 1985, defendants Zerita Mitchell Thompson and her son, Dr. John B. Thompson, Jr., sold with full warranty a certain tract of immovable property in the City of Monroe to plaintiff, Harry W. Addison. Defendants had previously in March of 1971 conveyed this same property to the City of Monroe and the Monroe Redevelopment Agency[1] through two separate sales executed on the same date. Plaintiff brought suit seeking a rescission of the sale, return of the purchase price and damages. Dr. Thompson, served through the long-arm statute, did not appear or answer. Mrs. Thompson filed peremptory exceptions of no cause of action and prescription which were overruled. She answered and filed a third party demand against Ouachi-ta Abstract Co., Inc. and Paul Fink, an attorney. After Mrs. Thompson’s motion for continuance was denied and after trial, the district court rendered judgment against Mrs. Thompson awarding the plaintiff $14,207.31 which included $6,016 for return of the purchase price, $7,091.31 in damages, and $1,000 in attorney’s fees awarded because of the defendant’s purported failure to answer the plaintiffs requests for admission. Mrs. Thompson appealed. Plaintiff answered the appeal.[2]
On appeal, Mrs. Thompson contends that the trial court erred in overruling her exceptions of no cause of action and prescription and motion for continuance. She concedes that she owes the plaintiff return of the purchase price but contends she owes nothing in excess of that amount. The plaintiff seeks an increase in the trial court’s award of damages and attorney’s fees. For reasons expressed in this opinion, we reverse the award of damages but affirm the award of the return of the purchase price and the award of attorney’s fees.

*197
Facts

Plaintiff is an experienced real estate broker engaged in buying and selling real estate. Mrs. Thompson, with whom plaintiff had previous dealings, consulted him regarding the appraisal of several properties, one of which is the subject of this litigation. The property is located in Lot 108 of the Filhiol’s Second or Guinea Addition at the corner of Washington Street and Powell’s Alley. Plaintiff obtained a tract card from the parish assessor’s office which indicated that the parcel plaintiff later purchased was owned by the City of Monroe and another parcel was owned by the Estate of J.B. Thompson. Mrs. Thompson told plaintiff that the assessor’s plat must be in error because she thought she still owned the subject property. Plaintiff accepted this information and did the appraisal. He asked Mrs. Thompson to contact him if interested in listing any of the properties with his firm. Sometime later Mrs. Thompson informed the plaintiff that she was interested in listing the property with his firm and he advised her that his firm was interested in purchasing the property and that a listing was unnecessary. Plaintiff testified that he paid Mrs. Thompson $6,016 in cash for the property after the title work was done by the abstract company which reported on the status of the title to his attorney, Paul Fink, who prepared the deed. Plaintiff testified that he did not personally make a title search.
The record reveals that the plaintiff ordered an abstract on the property which bears a certificate dated January 9, 1985, about a month prior to the closing of the purchase. The abstract revealed the conveyances to the City of Monroe and the Monroe Redevelopment Agency.
Mr. Fink testified that he was contacted by plaintiff to examine title to the property plaintiff was going to purchase from Mrs. Thompson and that he received an abstract from the abstract company. He stated that he examined the deeds down through the Succession of Dr. Thompson, Mrs. Thompson’s late husband. Apparently the deeds to the city were overlooked. Mr. Fink testified he later saw the two deeds and found cut the property had been sold to the city. Mr. Fink, admitted as an expert in title examinations, testified that based on his examination of the abstract it was clear that the defendants had sold all of their interest in the subject property to the city in 1971 and therefore conveyed nothing to the plaintiff in 1985.
After purchasing the property, plaintiff did some site improvements, moved a mobile home onto the property and operated a real estate office there. A couple of years later he received a telephone call from the assessor’s office advising him that the city owned the property. He then removed the improvements he had placed on the property and brought this action in May, 1987.

Motion for a Continuance.

Appellant contends that the trial court erred in denying her motion for a continuance of the trial. The motion was based on the contention of defendant’s attorney that Mrs. Thompson could not be present on the scheduled trial date because of her advanced age and recent surgery. The trial court checked with defendant’s doctor and was advised that there was no medical reason defendant could not be present and that her recent surgery which she underwent after the case was scheduled for trial was elective in nature. Under these circumstances, the trial court did not abuse its discretion in denying the continuance. In any event, Mrs. Thompson’s testimony was not important to a determination of the issues as they developed at trial.

Exception of No Cause of Action.

Appellant contends that the trial court erred in overruling the exception of no cause of action. It is urged that plaintiff has no cause of action in warranty because he was not actually evicted.
A buyer may recover the price paid to the vendor for property which the vendor did not own at the time of sale even if the purchaser was never evicted or disturbed in his possession. Bologna Brothers v. Stephens, 206 La. 112, 18 So.2d 914 (1944). This principal is derived in part from LSA-C.C. Art. 2452 which provides *198 that the sale of a thing belonging to another is null and' in part from the rule that actual eviction is unnecessary when perfect title exists in some third person, such that it is legally certain that the vendor had no title. See Bologna Brothers, supra, 18 So.2d at page 916 and the cases cited therein.
Since it is clear from the recorded conveyances that the Thompsons had sold the subject property to a third party and had no title at the time of the conveyance to plaintiff actual eviction was unnecessary as a predicate to plaintiffs action to recover the purchase price paid to the vendor. The exception of no cause of action was correctly overruled.

Exception of Prescription.

Appellant contends that the trial court erred in overruling her exception of prescription of one year. Since plaintiffs claim is based upon a breach of warranty of title, the prescriptive period of 10 years is applicable. Evangeline Farmer’s Co-Op, Inc. v. Vidrine, 378 So.2d 604 (La.App. 3d Cir.1979). Therefore, the defendant’s exception of prescription of one year was properly overruled by the trial court.

Return of the Purchase Price and Damages.

LSA-C.C. Art. 2506 provides:
“When there is a promise of warranty, or when no stipulation is made on that subject, if the buyer be evicted, he has the right to claim against the seller:
1. The restitution of the price.
2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price he has paid.”
Even if a purchaser is aware of the danger of eviction at the time of the sale he is entitled to a return of the purchase price when the sale is made with warranty. However, such knowledge will defeat a purchaser’s claim for damages. Richmond v. Zapata Development Corporation, 350 So.2d 875 (La.1977); McIlwain v. Manville Forest Products Corporation, 499 So.2d 1138 (La.App. 2d Cir.1986).
Plaintiff obtained an abstract and had the title examined by his attorney prior to closing the purchase. The abstract revealed the two prior conveyances and that the Thompsons did not have title to the property. Since plaintiff had the title examined he is charged with knowledge of what the public records revealed, that is, his vendor did not have title to convey. See Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958); Martin v. Schwing Lumber & Shingle Co., 228 La. 175, 81 So.2d 852 (1955); Thomas v. Lewis, 475 So.2d 52 (La.App. 2d Cir.1985). Additionally, plaintiff personally had information from the tax assessor’s plat which indicated that the city and not the Thompsons was the owner of the property. He was an experienced buyer and seller of real estate. This information was sufficient to put him on notice of a possible defect in the title.
Plaintiff is entitled to a return of the purchase price of $6,016 but his claim for damages is defeated by his personal knowledge of the danger of eviction and by the knowledge charged to him by reason of the examination of title by his attorney. The award of damages will be reversed and the award of return of the purchase price will be affirmed.

Attorneys Fees.

Appellant contends that the trial court erred in awarding plaintiff $1,000 in attorney’s fees for her failure to answer plaintiff’s request for admission. The request for admission filed by plaintiff asked that defendant admit that: (1) The Thompsons sold the subject property to plaintiff by warranty deed on February 8, 1985; (2) the Thompsons previously sold this property to either the City of Monroe or the Monroe Redevelopment Agency in August 1971; and (3) the Thompsons did not actually own the property sold to plaintiff on February 8, 1985.
*199 Defendant filed an answer to the request objecting to the request and denying the request for admissions. At the conclusion of the trial, plaintiff moved for an award of expenses including attorneys fees as provided by LSA-C.C.P. Art. 1472. The trial court awarded $1,000 attorneys fees. ■
LSA-C.C.P. Art. 1466 provides that a party may serve upon any other party a written request for the admission of the truth of any relevant matters of fact. Article 1467 provides that the matter of which an admission is requested is admitted unless the party to whom the request is directed serves a written answer or objection within 15 days after service of the request. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily available by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not on that ground alone object to the request; he may, subject to the provisions of Article 1472, deny the matter or set forth reasons why he cannot admit or deny it.
Article 1472 provides:
“If a party fails to admit the genuineness of any document or the truth of any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that the request was held objectionable pursuant to Article 1467, or the admission sought was of no substantial importance, or the party failing to admit had reasonable ground to believe that he might prevail on the matter, or there was other good reason for the failure to admit.”
“The objections and reasons for denial presented by defendant in her answer to the request for admissions are vague but generally purport to state that defendant could not tell from the descriptions contained in the deeds what property she sold to the city or owned at the time of the sale to plaintiff. The ^status of the title was known or readily available to the defendant. Defendant may have considered that the matters of which admissions had been requested presented genuine issues for trial but a denial of a request for admission for this reason is made subject to the penalty provisions of Article 1472.
The truth of the matters for which plaintiff sought admissions was apparent on the face of the records and the deeds executed by defendant. Because of defendant’s failure to admit the truth of the matters, plaintiff was required to prove the facts at trial. There were no reasonable grounds for objecting to the requests, the matters were of substantial importance, defendant did not have reasonable grounds to believe that she might prevail on the matter, and there was no other good reason for the failure to admit. The trial court did not err or abuse its discretion in awarding plaintiff the reasonable expenses incurred in making proof of the facts which defendant failed to admit, including reasonable attorney’s fees. The award for attorney’s fees will be affirmed.

Decree.

For the reasons assigned, the judgment of the district court is reversed insofar as it awarded damages of $7,091.31 and is affirmed insofar as it awarded return of the purchase price of $6,016 and attorneys fees of $1,000. The judgment is recast to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff Harry W. Addison and against defendant Zerita M. Thompson in the amount of $6,016 with legal interest thereon from February 8, 1985 until paid and in the amount of $1,000 with legal interest thereon from the date of judgment, February 28, 1989, until paid, together with all costs of this proceeding including the cost of appeal.
*200 REVERSED IN PART, AFFIRMED IN PART, AND JUDGMENT RECAST.
ON APPLICATION FOR REHEARING
Before HALL, MARVIN, FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
Rehearing denied.

. The documents in evidence establish that the Thompsons conveyed all of their interest in the subject property in two sales on March 17, 1971. One sale conveyed part of their property to the City of Monroe and the other sale conveyed part of their property to the Monroe Redevelopment Agency. In this opinion both entities are sometimes referred to as the city.

. Though it appears that a preliminary default against Dr. Thompson was entered, it does not appear that plaintiff sought to confirm the default when the case was tried on the merits against Mrs. Thompson. On appeal, Mrs. Thompson concedes that she owes return of the purchase price and makes no complaint that she is cast for the full amount rather than three-fourths, her apparent purported interest in the property. See Collins v. Slocum, 317 So.2d 672, at page 682, (La.App. 3d Cir.1975). Accordingly, we do not deal with the correctness of the judgment in this respect. We also note that the defendant did not appeal the trial court’s failure to render judgment against Dr. Thompson.
The third party defendants apparently did not participate in the trial and the judgment does not dispose of these claims. Mrs. Thompson does not appeal the court's failure to grant her a judgment against these parties. Therefore, these claims are not before us.